Mark R. Figueiredo, Esq. (State Bar No. 178850)
Jonathan H. Van Ee, Esq. (State Bar No. 214129)
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California  95110
(408) 441-7500
(408) 228-8787 fax
mrf@structurelaw.com
jve@structurelaw.com

Attorneys for Defendant
MILLENNIUM ELECTRONICS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORPORATION, incorporated under the laws of the Republic of China (Taiwan),<br><br>Plaintiff,<br>v.<br><br>MILLENIUM ELECTRONICS, INC., a California corporation,<br><br>Defendant. | Case No. C07-05795 JF<br><br>**ANSWER OF DEFENDANT MILLENNIUM ELECTRONICS, INC. TO COMPLAINT** |

Defendant Millennium Electronics, Inc. ("Defendant") answers the complaint ("Complaint") of Plaintiff Everflow Technology Corporation ("Plaintiff") by admitting, denying, and alleging as follows:

1.      Answering paragraph 1 of the Complaint, Defendant lacks information and belief to admit or deny the allegations in that paragraph and, on that basis, denies each and every allegation contained therein, with the exception of the allegation relating to its principal place of business.  Defendant admits that its principal place of business is in San Jose, CA.

- 1 -

2. Answering paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

3. Answering paragraph 3 of the Complaint, Defendant admits Plaintiff is in the computer cooling business.  However, Defendant at this time does not have specific information about every detail listed in this paragraph relating to Plaintiff's business and therefore otherwise denies the allegations in this paragraph.

4. Answering paragraph 4 of the Complaint, Defendant admits the allegations contained therein.  However, Defendant denies the inference, found in paragraph 6 of the Complaint, that this paragraph 4 contains the complete terms of an agreement.

5. Answering paragraph 5 of the Complaint, Defendant admits that, generally speaking, the listed items were shipped.  However, Defendant denies that Defendant made a special request and that it made an unconditional promise to pay.

6. Answering paragraph 6 of the Complaint, Defendant denies the inference that this paragraph 4 contains the complete terms of an agreement.  Defendant further denies that Plaintiff performed its obligations because, among other things, Plaintiff sought to take Defendant out of the chain of distribution.  Plaintiff's acts in this respect had a serious adverse effect on Defendant's business.  Furthermore, Defendant denies Plaintiff's allegations of performance because Plaintiff shipped items late.

7. Answering paragraph 7 of the Complaint, Defendant admits that, generally speaking, the products were invoiced.  However, Defendant does not at this time have precise invoice information as to each and every shipment.

8. Answering paragraph 8 of the Complaint, Defendant denies each and every allegation contained therein. Defendant denies that paragraph 4 of the Complain contains a description of promises. Defendant further denies that it has wrongfully denied payment for goods, and further denies that the dollar amount listed is owed.

9. Answering paragraph 9 of the Complaint, Defendant admits and denies this paragraph for reasons detailed in the paragraphs above.

10. Answering paragraph 10 of the Complaint, Defendant admits that generally the items listed were sent. However, Defendant denies that the amount listed is owed, Defendant denies that the goods were delivered at Defendants special instance, and Defendant denies that it agreed to pay the sum listed.

11. Answering paragraph 11 of the Complaint, Defendant denies the allegations contained therein. Defendant has attempted to negotiate with Plaintiff its allegations of non-payment.

12. Answering paragraph 12 of the Complaint, Defendant lacks information and belief to admit or deny the allegations in that paragraph and, on that basis, denies each and every allegation contained therein.

13. Answering paragraph 13 of the Complaint, Defendant admits and denies this paragraph for reasons detailed in the paragraphs above.

14. Answering paragraph 14 of the Complaint, Defendant denies that it owes the amount alleged. Defendant admits receiving on October 17, 2007, a communication in which Plaintiff alleged non-payment of a variety of items.

15. Answering paragraph 15 of the Complaint, Defendant denies the allegations contained therein. Defendant has attempted to negotiate with Plaintiff its allegations of non-payment.

16. Answering paragraph 16 of the Complaint, Defendant denies that it owes the amount alleged.

17. Answering paragraph 17 of the Complaint, Defendant admits and denies this paragraph for reasons detailed in the paragraphs above.

18. Answering paragraph 18 of the Complaint, Defendant denies each and every allegation in this paragraph. Defendant denies that it made a special request, and denies that it

- 3 -

owes the amount listed.

19. Answering paragraph 19 of the Complaint, Defendant denies that it owes the amount alleged. Defendant admits receiving on October 17, 2007, a communication in which Plaintiff alleged non-payment of a variety of items.

20. Answering paragraph 20 of the Complaint, Defendant denies that it owes the amount alleged.

## AFFIRMATIVE DEFENSES

1. AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant asserts that Plaintiff has waived any and all claims that it may have or have had against the answering Defendant.

2. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant alleges that said Complaint fails to state facts sufficient to constitute a cause of action against the answering Defendant.

3. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant alleges that said Complaint is barred by the doctrine of unclean hands.

4. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant alleges that, at all times and places mentioned in the Complaint herein, Plaintiff failed to mitigate the amount of its purported damages. The damages claimed by Plaintiff could have been mitigated by due diligence on its

ANSWER OF DEFENDANT MILLENNIUM ELECTRONICS, INC. TO COMPLAINT

part or by one acting under similar circumstances. The Plaintiff's failure to mitigate is a bar to its recovery under its Complaint.

5. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant alleges that said Complaint fails to state facts sufficient to constitute a breach of contract cause of action against the answering Defendant because the allegations relating to the existence of a contract do not meet the requirements of the statute of frauds.

6. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant alleges on information and belief that the sole and legal cause of the incident complained of by Plaintiff in its Complaint was due to the act and/or omissions of persons and entities other than the answering Defendant.

7. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant alleges that any damage or injury suffered by Plaintiff was caused by risks of which Plaintiff was well aware and which Plaintiff voluntarily assumed.

8. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant alleges that the Complaint, and each and every cause of action contained therein, is barred because of acts, omissions, representations, and courses of conduct of Plaintiff by which the answering Defendant was led to rely to its detriment,

ANSWER OF DEFENDANT MILLENNIUM ELECTRONICS, INC. TO COMPLAINT

thereby barring under the doctrine of equitable estoppel any causes of action asserted by Plaintiff.

9. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant alleges that Plaintiff's conduct bars it from any recovery herein by virtue of the equitable doctrine of waiver.

10. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant alleges that the Complaint is barred, in whole or in part, because the events and transactions alleged therein are justified in that their benefits outweigh their harm, if any there were.

11. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant alleges that its conduct was not the cause in fact or the legal cause of any of the losses alleged by Plaintiff.

12. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant alleges that they exercised sound business judgment in taking all actions pertaining to the corporation and in performing all acts alleged in the Complaint.

13. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

ANSWER OF DEFENDANT MILLENNIUM ELECTRONICS, INC. TO COMPLAINT

CONTAINED THEREIN, the answering Defendant alleges that Plaintiff consented to the alleged actions complained of in its Complaint.

14. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant alleges that at all times relevant herein, Plaintiff, with full knowledge of all of the facts in any way connected with or relating to the matters alleged against the answering Defendant, duly ratified, acquiesced in and confirmed in all respects the conduct and actions of the answering Defendant.

15. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant alleges that Defendant presently has insufficient knowledge or information from which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Answering Defendant reserves the right herein to assert any additional defenses in the event that discovery indicates they would be appropriate.

16. AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the answering Defendant alleges that Defendant is entitled to an offset for damages caused by Plaintiff's wrongful conduct.

**PRAYER**

1. That Plaintiff take nothing by reason of its Complaint, that judgment be rendered in favor of Defendant;

2. That Defendant be awarded its costs of suit incurred in defense of this action;

    3.    For recovery of attorneys fees and costs; and

    4.    For such other relief as the Court deems appropriate.

The electronic filer attests that the individual whose name appears below has signed this document. See N.D. Cal. General Order 45, Section X.

Dated: December 11, 2007                  STRUCTURE LAW GROUP, LLP

By: _____/ s /_____
    Mark R. Figueiredo
    Attorneys for Defendant
    MILLENNIUM ELECTRONICS, INC.

## DEMAND FOR JURY TRIAL

Defendant demands a jury on all issues.

The electronic filer attests that the individual whose name appears below has signed this document. See N.D. Cal. General Order 45, Section X.

Dated: December 11, 2007                  STRUCTURE LAW GROUP, LLP

By: _____/ s /_____
    Mark R. Figueiredo
    Attorneys for Defendant
    MILLENNIUM ELECTRONICS, INC.

ANSWER OF DEFENDANT MILLENNIUM ELECTRONICS, INC. TO COMPLAINT