AT-115

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark Fang, Attorney at Law, APC<br>Mark Fang, Esq., SBN 199073<br>William G. Short, Esq., SBN 132479<br>215 East Daily Dr., Ste. 9, Camarillo, CA 93010<br>TELEPHONE NO.: 805-383-2788   FAX NO.: 805-388-9488<br>ATTORNEY FOR (Name): Plaintiff Everflow Technology Corporation | |
| NAME OF COURT: United States District Court, Northern Dist. of California<br>STREET ADDRESS: 280 South First Street<br>MAILING ADDRESS: 280 South First Street<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: San Jose Division | |
| PLAINTIFF: EVERFLOW TECHNOLOGY CORPORATION<br><br>DEFENDANT: MILLENNIUM ELECTRONICS, INC. | |

| NOTICE OF APPLICATION AND HEARING FOR<br>[✓] RIGHT TO ATTACH ORDER<br>[✓] ORDER FOR ISSUANCE OF<br>    [✓] WRIT OF ATTACHMENT<br>    [ ] ADDITIONAL WRIT OF ATTACHMENT | CASE NUMBER:<br><br>C 07-05795 JF (xHRL) |
|---|---|

1. Notice to defendant (name, address, and telephone number, if known):
   Millennium Electronics, Inc., c/o Mark R. Figueredo, Esq., Structure Law Group, LLP, 1754 Technology Drive, Suite 135, San Jose, CA 95110; (408) 441-7501

2. Plaintiff has filed an application for
   a. [✓] a right to attach order and writ of attachment. (Check items 6a, 6b, and 6d(1).)
   b. [ ] a writ of attachment. (Check item 6d(2).)
   c. [ ] an additional writ of attachment. (Check item 6d(2).)

3. A hearing on plaintiff's application will be held in this court as follows:

   | Date: February 8, 2008 | Time: 9:00 a.m. | [ ] Dept.: | [ ] Div.: | [✓] Rm.: 3, 5th Flr. |
   |---|---|---|---|---|

4. The request of plaintiff for an order is based upon the application and affidavit or declaration filed and served with this notice.

5. Your attention is directed to the following sections of the Code of Civil Procedure that set forth when attachment may or may not be issued, the manner of calculating the amount to be secured by the attachment, the court's discretion to include costs and attorney's fees, and special limitations on the amount to be secured by attachment in unlawful detainer proceedings. (Code Civ. Proc., §§ 482.110, 483.010, 483.015, 483.020.)

6. **You are notified that**
   a. [✓] A right to attach order will be issued if the court finds at the hearing that plaintiff's claim is probably valid and the other requirements for issuing the order are established. This hearing may include both written and oral presentations, but is not for the purpose of determining whether the claim is actually valid. Determination of the actual validity of the claim will be made in subsequent proceedings in the action and will not be affected by the decision at the hearing on the application for the order.
   b. [✓] If you desire to oppose the issuance of a right to attach order or object to the amount to be secured by the attachment as provided in Code of Civil Procedure section 483.015 (or Code of Civil Procedure section 483.020 in unlawful detainer actions), you must file with this court and serve on plaintiff (no later than five court days prior to the date set for hearing in item 3) a notice of opposition and supporting declaration or affidavit as required by Code of Civil Procedure section 484.060.
   c. If a right to attach order is or has been issued, a writ of attachment will be issued to attach your property described in plaintiff's application unless the court determines that the property is exempt from attachment or that its value clearly exceeds the amount necessary to satisfy the amount to be secured by the attachment. However, since the right to attach order will not necessarily be limited to your property described in plaintiff's application, a writ of attachment may later be issued to attach other nonexempt property of yours.

(Continued on reverse)

Page one of three

| Form Approved for Optional Use<br>Judicial Council of California<br>AT-115 [Rev. January 1, 2000] | NOTICE OF APPLICATION AND HEARING FOR RIGHT TO<br>ATTACH ORDER AND WRIT OF ATTACHMENT (Attachment) | Code of Civil Procedure,<br>§§ 482.030, 484.010 et seq.<br><br>American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|

| SHORT TITLE: EVERFLOW TECHNOLOGY v. MILLENNIUM ELECTRONICS | CASE NUMBER: C 07-05795 JF (xHRL) |
|---|---|

6. d. If you claim that all or some portion of the property described in plaintiff's application is exempt from attachment, you must no later than five court days prior to this hearing

    (1) [✓] include your claim of exemption in your notice of opposition filed and served pursuant to Code of Civil Procedure section 484.060 or file and serve a separate claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.070.

    (2) [✓] file with the court and serve on plaintiff a claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.350.

If you fail to make a claim of exemption with respect to personal property, or make a claim of exemption with respect to real or personal property, but fail to prove that the property is exempt, any further claim of exemption with respect to the property will be barred unless you show a change in circumstances occurring after expiration of the time for claiming exemptions.

e. Claims of exemption resulting from a change of circumstances, whether after denial of a previous claim or expiration of the time for claiming exemptions, may be asserted as provided in Code of Civil Procedure section 482.100.

f. You may obtain a determination at the hearing whether property not described in the application is exempt from attachment. Your failure to claim that property not described in the application is exempt from attachment will not preclude you from making a claim of exemption with respect to the property at a later time.

g. You may also obtain a determination at the hearing whether the amount sought to be secured by the attachment shall be reduced by
   (1) the amount of any money judgment in your favor and against plaintiff that remains unsatisfied and enforceable,
   (2) the amount of any indebtedness of the plaintiff that you have claimed in a cross-complaint filed in the action if your claim is one upon which an attachment could be issued,
   (3) the amount of any claim asserted by you as a defense in the answer pursuant to Code of Civil Procedure section 431.70 if the claim is one upon which an attachment could be issued had an action been brought on the claim when it was not barred by the statute of limitations, or
   (4) the value of any security interest in your property held by plaintiff to secure the indebtedness claimed by plaintiff, together with the amount by which the value of the security interest has decreased due to the act of the plaintiff or a prior holder of the security interest.

h. The amount to be secured by an attachment is determined pursuant to the following statutes:
   (1) **Code of Civil Procedure section 482.110.** A writ of attachment may include an estimate of the costs and allowable attorney fees.
   (2) **Code of Civil Procedure section 483.010.** An attachment may issue on a claim for $500 or more based on a contract, express or implied, exclusive of attorney fees, costs, and interests. If the claim was originally secured by an interest in real property (e.g., a mortgage or trust deed), an attachment may issue only if the security has become valueless or decreased in value to less than the amount owing on the claim, through no fault of plaintiff or the security holder (if different from plaintiff).
   (3) **Code of Civil Procedure section 483.015.** The amount to be attached includes the amount of the indebtedness claimed by plaintiff, plus estimated costs and allowable attorney fees, reduced by the sum of the following:
      (a) the amount of any unsatisfied money judgment held by defendant against plaintiff;
      (b) the amount of any indebtedness of plaintiff claimed by defendant in a cross-complaint filed in the action (if a writ of attachment could issue on the claim);
      (c) the amount of any cross-demand for money owed by plaintiff to defendant that is barred by the statute of limitations (but assertable as a Code of Civil Procedure section 431.70 defense) if the debt was one upon which a writ of attachment could have been issued before the statute of limitations ran; and
      (d) the amount of any security interest held by plaintiff in defendant's property, together with any decrease in the value of the underlying security caused by plaintiff or a prior security holder.

(Continued on page three)

| SHORT TITLE: EVERFLOW TECHNOLOGY v. MILLENNIUM ELECTRONICS | CASE NUMBER: C 07-05795 JF (xHRL) |
|---|---|

(4) **Code of Civil Procedure section 483.020.** An attachment ordered in an unlawful detainer proceeding may include:
    (a) the amount of rent past due when the complaint is filed;
    (b) an additional amount for the estimated rent due from the date the complaint was filed until the estimated date of judgment or delivery of possession to plaintiff; plus
    (c) estimated costs and attorney fees.

Any prepaid rent or lease deposits held by plaintiff are disregarded in calculating the amount of attachment. However, the amount of attachment will be reduced by the amounts described in Code of Civil Procedure section 483.015 (above).

i. Either you or your attorney or both of you may be present at the hearing.

j. YOU MAY SEEK THE ADVICE OF AN ATTORNEY AS TO ANY MATTER CONNECTED WITH PLAINTIFF'S APPLICATION. THE ATTORNEY SHOULD BE CONSULTED PROMPTLY SO THAT THE ATTORNEY MAY ASSIST YOU BEFORE THE TIMES FOR FILING YOUR OPPOSITION AND CLAIMS OF EXEMPTION, AND FOR THE HEARING.

Date: December 14, 2007

William G. Short, Esq.
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

▶ (SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

AT-115 [Rev. January 1, 2000]    **NOTICE OF APPLICATION AND HEARING FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT (Attachment)**    Page three of three

**AT-105**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:<br>Mark Fang, Attorney at Law, APC<br>Mark Fang, Esq., SBN 199073<br>William G. Short, Esq., SBN 132479<br>215 East Daily Dr., Ste. 9, Camarillo, CA 93010<br>TELEPHONE NO.: 805-383-2788    FAX NO.: 805-388-9488<br>ATTORNEY FOR *(Name)*: Plaintiff Everflow Technology Corporation | FOR COURT USE ONLY |
|---|---|
| NAME OF COURT: United States District Court, Northern Dist. of California<br>STREET ADDRESS: 280 South First Street<br>MAILING ADDRESS: 280 South First Street<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: San Jose Division | |
| PLAINTIFF: EVERFLOW TECHNOLOGY CORPORATION<br><br>DEFENDANT: MILLENNIUM ELECTRONICS, INC., a California corporation | |
| **APPLICATION FOR**<br>[✓] RIGHT TO ATTACH ORDER    [ ] TEMPORARY PROTECTIVE ORDER<br>[✓] ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT<br>[ ] ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT<br><br>[✓] After Hearing    [ ] Ex Parte<br>[ ] Against Property of Nonresident | CASE NUMBER:<br><br>C 07-05795 JF (xHRL) |

1. Plaintiff *(name)*: EVERFLOW TECHNOLOGY CORPORATION
   applies  [✓] after hearing  [ ] ex parte  for
   a. [✓] a right to attach order and writ of attachment.
   b. [ ] an additional writ of attachment.
   c. [ ] a temporary protective order.
   d. [ ] an order directing the defendant to transfer to the levying officer possession of
      (1) [ ] property in defendant's possession.
      (2) [ ] documentary evidence in defendant's possession of title to property.
      (3) [ ] documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name)*: MILLENNIUM ELECTRONICS, INC.
   a. [ ] is a natural person who
      (1) [ ] resides in California.
      (2) [ ] does not reside in California.
   b. [✓] is a corporation
      (1) [✓] qualified to do business in California.
      (2) [ ] not qualified to do business in California.
   c. [ ] is a California partnership or other unincorporated association.
   d. [ ] is a foreign partnership that
      (1) [ ] has filed a designation under Corporations Code section 15800.
      (2) [ ] has not filed a designation under Corporations Code section 15800.
   e. [ ] is other *(specify)*:

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

(Continued on reverse)    Page one of three

Form Approved for Optional Use<br>Judicial Council of California<br>AT-105 [Rev. January 1, 2000]

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Code of Civil Procedure,<br>§§ 482.030, 484.010 et seq.

American LegalNet, Inc.<br>www.USCourtForms.com

| SHORT TITLE: EVERFLOW TECHNOLOGY v. MILLENNIUM ELECTRONICS | CASE NUMBER: C 07-05795 JF (xHRL) |
|---|---|

6. ☐ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7. The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based are set forth with particularity in the
   a. ☐ verified complaint.
   b. ☑ attached affidavit or declaration.
   c. ☐ following facts *(specify)*:

   The supporting Declaration of Peter Chiu is filed concurrently and may be found attached to the Memorandum of Points and Authorities in Support.

8. The amount to be secured by the attachment is: $ 1,894,176.27
   a. ☑ which includes estimated costs of: $ 0.00
   b. ☐ which includes estimated allowable attorney fees of: $ 0.00

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☑ Any property of a defendant who is **not** a natural person.
   b. ☐ Any property of a nonresident defendant.
   c. ☐ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows *(specify)*:

   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe)*:

   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number)*:

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on *(date)*:
    *(Attach a copy.)*

12. ☐ Nonresident defendant has not filed a general appearance.

(Continued on page three)

| SHORT TITLE: EVERFLOW TECHNOLOGY v. MILLENNIUM ELECTRONICS | CASE NUMBER: C 07-05795 JF (xHRL) |
|---|---|

13. a. Plaintiff ☐ alleges on ex parte application for order for writ of attachment
       ☐ is informed and believes on application for temporary protective order
    that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because
    (1) ☐ it may be inferred that there is a danger that the property sought to be attached will be
        (a) ☐ concealed.
        (b) ☐ substantially impaired in value.
        (c) ☐ made unavailable to levy by other than concealment or impairment in value.
    (2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
    (3) ☐ a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
    (4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.
    (5) ☐ other circumstances *(specify)*:

   b. The statements in item 13a are established by ☐ the attached affidavit or declaration
      ☐ the following facts *(specify)*:

14. ☐ Plaintiff requests the following relief by temporary protective order *(specify)*:

15. Plaintiff
    a. ☐ has filed an undertaking in the amount of: $
    b. ☑ has not filed an undertaking.

Date: December 14, 2007

William G. Short, Esq.
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

▶ /s/ [signature]
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(Supporting Declaration Filed With the P's & A's)
(TYPE OR PRINT NAME)

▶
(SIGNATURE OF DECLARANT)

16. Number of pages attached: 0

AT-105 [Rev. January 1, 2000]    **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**    Page three of three

**AT-120**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:<br>Mark Fang, Attorney at Law, APC<br>Mark Fang, Esq., SBN 199073<br>William G. Short, Esq., SBN 132479<br>215 East Daily Dr., Ste. 9, Camarillo, CA  93010<br>TELEPHONE NO.: 805-383-2788     FAX NO.: 805-388-9488<br>ATTORNEY FOR *(Name)*: Plaintiff Everflow Technology Corporation<br>NAME OF COURT: United States District Court, Northern Dist. of California<br>STREET ADDRESS: 280 South First Street<br>MAILING ADDRESS: 280 South First Street<br>CITY AND ZIP CODE: San Jose, CA  95113<br>BRANCH NAME: San Jose Division | FOR COURT USE ONLY |
|---|---|
| PLAINTIFF: EVERFLOW TECHNOLOGY CORPORATION<br>DEFENDANT: MILLENNIUM ELECTRONICS, INC. | |
| [✓] **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AFTER HEARING**<br>[ ] **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT AFTER HEARING** | CASE NUMBER:<br>C 07-05795 JF (xHRL) |

1. a. The application of plaintiff *(name)*: EVERFLOW TECHNOLOGY CORPORATION
    for  [✓] a right to attach order and order for issuance of writ of attachment
         [ ] an order for issuance of additional writ of attachment
    against the property of defendant *(name)*: MILLENNIUM ELECTRONICS, INC.
    came on for hearing as follows:
    (1) Judge *(name)*: Honorable Jeremy Fogel, United States District Judge
    (2) Hearing date: February 8, 2008      Time: 9:00 a.m.     [ ] Dept.:     [ ] Div.:     [✓] Rm.: 3
   b. The following persons were present at the hearing:
    (1) [ ] Plaintiff *(name)*:                              (3) [✓] Plaintiff's attorney *(name)*: William G. Short, Esq.
    (2) [ ] Defendant *(name)*:                              (4) [✓] Defendant's attorney *(name)*: Mark Figueiredo, Esq.

**FINDINGS**

2. THE COURT FINDS
   a. Defendant *(specify name)*:  Millennium Electronics, Inc.    is a  [ ] natural person  [ ] partnership
      [ ] unincorporated association  [✓] corporation  [ ] other *(specify)*:
   b. The claim upon which the application is based is one upon which an attachment may be issued.
   c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
   d. The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
   e. The amount to be secured by the attachment is greater than zero.
   f. [ ] Defendant failed to prove that all the property described in plaintiff's application is exempt from attachment.
   g. [ ] The following property of defendant, described in plaintiff's application
      (1) [ ] is exempt from attachment *(specify)*:

      (2) [ ] is not exempt from attachment *(specify)*:

   h. [ ] The following property, not described in plaintiff's application, claimed by defendant to be exempt
      (1) [ ] is exempt from attachment *(specify)*:

      (2) [ ] is not exempt from attachment *(specify)*:

   i. [✓] An undertaking in the amount of:  $ 10,000.00          is required before a writ shall issue, and plaintiff
      [ ] has   [✓] has not   filed an undertaking in that amount.
   j. A Right to Attach Order was issued on *(date)*:                                                              pursuant to
      [ ] Code of Civil Procedure section 484.090 (on hearing)   [ ] Code of Civil Procedure section 485.220 (ex parte)
   k. [ ] Other *(specify)*:

(Continued on reverse)

| Form Approved for Optional Use<br>Judicial Council of California<br>AT-120 [Rev. January 1, 2000] | **RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER<br>FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)** | Code of Civil Procedure,<br>§§ 482.030, 484.090<br>American LegalNet, Inc.<br>www.USCourtForms.com |

| SHORT TITLE: EVERFLOW TECHNOLOGY v. MILLENNIUM ELECTRONICS | CASE NUMBER: C 07-05795 JF (xHRL) |
|---|---|

**ORDER**

3. THE COURT ORDERS
   a. Plaintiff has a right to attach property of defendant *(name)*:
      in the amount of: $ 1,894,176.27
   b. ☐ The property described in items 2g(1) and 2h(1) of the findings is exempt and shall not be attached.
   c. The clerk shall issue ☑ a writ of attachment ☐ an additional writ of attachment in the amount stated in item 3a
      ☐ forthwith ☑ upon the filing of an undertaking in the amount of: $ 10,000.00
      (1) ☑ for any property of a defendant who is **not** a natural person for which a method of levy is provided.
      (2) ☐ for the property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010, described as follows *(specify)*:

      (3) ☐ for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of sale of such property, described as follows *(specify)*:

      (4) ☐ for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license number is *(specify)*:

   d. ☐ Defendant shall transfer to the levying officer possession of
      (1) ☐ any documentary evidence in defendant's possession of title to any property described in item 3c;
      (2) ☐ any documentary evidence in defendant's possession of debt owed to defendant described in item 3c;
      (3) ☐ the following property in defendant's possession *(specify)*:

   **NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

   e. ☐ Other *(specify)*:

   f. Total number of boxes checked in item 3: __3__

Date:

▶

.................................................
(TYPE OR PRINT NAME)                                    (SIGNATURE OF JUDGE OR COMMISSIONER)

AT-120 [Rev. January 1, 2000]    **RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER**    Page two
**FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**

**AT-135**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>Mark Fang, Attorney at Law, APC<br>Mark Fang, Esq., SBN 199073; William G. Short, Esq., SBN 132479<br>215 E. Daily Dr., Ste. 9, Camarillo, CA 93010<br>TELEPHONE NO.: 805-383-2788<br>E-MAIL ADDRESS (Optional):                FAX NO. (Optional): 805-388-9488<br>ATTORNEY FOR (Name): Plaintiff Everflow Technology Corporation | FOR COURT USE ONLY |
|---|---|
| United States District Court, Northern District of California<br>STREET ADDRESS: 280 South First Street<br>MAILING ADDRESS: 280 South First Street<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: San Jose Division | |
| PLAINTIFF: EVERFLOW TECHNOLOGY CORPORATION<br>DEFENDANT: MILLENNIUM ELECTRONICS, INC. | |
| **WRIT OF ATTACHMENT**<br>☑ AFTER HEARING    ☐ EX PARTE | CASE NUMBER:<br>C 07-05795 JF (xHRL) |

1. TO THE SHERIFF OR ANY MARSHAL OR CONSTABLE OF THE COUNTY OF: Santa Clara

2. TO ANY REGISTERED PROCESS SERVER: You are only authorized to serve this writ in accord with CCP 488.080.

3. This writ is to attach property of defendant (name and last known address): MILLENNIUM ELECTRONICS, INC.
   90 Great Oaks Blvd., Suite 170
   San Jose, CA 95119

   and the attachment is to secure:  $ 1,894,176.27

4. Name and address of plaintiff: EVERFLOW TECHNOLOGY CORPORATION
   c/o Mark Fang, Esq., 215 E. Daily Drive, Suite 9, Camarillo, CA 93010
   (805) 383-2788

5. YOU ARE DIRECTED TO ATTACH the following property or so much thereof as is clearly sufficient to satisfy the amount to be secured by the attachment (describe property and state its location; itemize by letter):

   All corporate property which is subject to attachment pursuant to subdivision (a) of California Code of Civil Procedure section 487.010. (Per CCP section 484.020)

   ☐ This information is on an attached sheet.

6. ☐ An interest in the real property described in item 5 stands upon the records of the county, in the name of the following person other than the defendant:
   a. Name:
   b. Mailing address, if known, as shown by the records of the office of the county tax assessor (specify):

7. ☐ The real property on which the
      ☐ crops described in item 5 __ are growing
      ☐ timber described in item 5 __ to be cut is standing stands upon the records of the county in the name of
      a. Name:
      b. Address:

[SEAL]

Date:                         Clerk, by _____, Deputy

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
AT-135 [Rev. January 1, 2003]

**WRIT OF ATTACHMENT**
(Attachment)

Code of Civ. Proc., § 488.010
American LegalNet, Inc. | www.USCourtForms.com

MARK FANG, ATTORNEY AT LAW, APC
Mark Fang, Esq.; SBN 199073
William G. Short, Esq.; SBN 132479
215 East Daily Dr., Suite 9
Camarillo, CA 93010
Telephone: (805) 383-2788
Facsimile: (805) 388-9488

Attorney for Plaintiff EVERFLOW
TECHNOLOGY CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORPORATION, incorporated under the laws of the Republic of China (Taiwan),<br><br>　　　Plaintiff,<br><br>vs.<br><br>MILLENNIUM ELECTRONICS, INC., a California corporation,<br><br>　　　Defendant. | Case No.: C 07-05795 JF (hrl)<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR ORDER OF WRIT OF ATTACHMENT; DECLARATION OF PETER CHIU**<br><br>Date: February 8, 2008<br>Ctrm.: 3, Fifth Floor<br>Time: 9 a.m. |

1.  **INTRODUCTION**

   Plaintiff EverflowTechnology Corp. (hereinafter "EVERFLOW"), a specialized fan manufacturer located in Taiwan, entered into a series of agreements to deliver to Defendant Millennium Electronics, Inc. (hereinafter "MEI"), computer cooling products. In exchange, MEI agreed to wire payment for each shipment of goods within 45 days. MEI ordered the goods, took delivery, but has failed to pay in excess $2,000,000.00 owed to EVERFLOW.

By this Application, EVERFLOW seeks an order for the issuance of a Writ to secure $1,894,176.27, in anticipation of EVERFLOW's likely verdict in excess of this amount. Though the Plaintiff will seek payment of the entire amount at the time of trial, for purposes of this Writ Application, Plaintiff applies for a Writ on this lesser amount.

## 2. BACKGROUND

### A. Contract Terms.

MEI is a California corporation located in San Jose which markets cooling systems directly to computer assembly companies for incorporation into the individual personal computer designs sold by those companies. MEI used EVERFLOW's fans as part of MEI's cooling systems which MEI packaged and sold to computer manufacturers for incorporation into the final assembly of personal computers units destined for sale to the public.

In June 2005 and thereafter, MEI transmitted Purchase Orders to EVERFLOW requesting delivery of EVERFLOW fans. In response, EVERFLOW shipped goods and sent Invoices. Exhibit A contains a typical Purchase Order from MEI. Exhibit A also contains a typical Invoice from EVERFLOW. The terms of these transactions required MEI to make payment by wire transfer to EVERFLOW within 45 days after EVERFLOW shipped the product.

### B. Defendant MEI Owes EVERFLOW In Excess of $2,000,000.

Between June 9, 2005 and September 28, 2007, EVERFLOW shipped computer fans to MEI worth a total amount in excess of $2,000,000. MEI has paid EVERFLOW a total of only $21,570.86 toward this total invoiced amount.

EVERFLOW began questioning MEI by email in July 2007 about MEI's failure to pay for the shipped goods and about MEI's payment plans. On about July 29, 2007, the

amount MEI owed was $1,108,180. Between July and September, MEI made a number of proposals and promises to begin to pay down the outstanding debt, including to pass through directly to EVERFLOW MEI's profit derived from MEI's sales of EVERFLOW's products to several third parties. Rather than debt reduction, however, MEI's debt has increased by another half million dollars since July. Attached as Exhibit K is a compilation summarizing MEI's unpaid invoices totaling $1,894,176.27.

**3. WRIT OF ATTACHMENT IS APPROPRIATE TO SECURE MEI's ASSETS.**

Plaintiffs may invoke whatever remedies are provided under the law of the state in which the federal court is located for "seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action." Fed.R.Civ.P. Rule 64; *Reebok Int'l, Ltd., v. Marnatech Enterprises, Inc.* (9th Cir. 1992) 970 F. 2d 552; *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.* (11th Cir. 1994) 14 F.3d 1507, 1521; *See generally* 13 *Moore's Federal Practice* ¶ 64.13[2][b] (3d ed. 2007), and *Koninklijke Philips Electronics N.V. v. Int'l Disc Manufacturers* (C.D. Cal. 2006) 2006 U.S. Dist. Lexis 96204.

In California, pretrial seizure of property is authorized by attachment. California Code of Civil Procedure provides for an application for an Order for a Writ of Attachment under circumstances like these. C.C.P. section 483.010 sets out the criteria: 1) a claim "for money ... based on contract," 2) of an amount over $500 "fixed or readily ascertainable," 3) that is not secured, and 4) that is a commercial claim. To obtain the Writ, the applicant must make a showing that an eventual judgment against the defendant is probable. (C.C.P. § 484.090(a)(2); *see also* C.C.P. § 481.190 defining "probable validity.").

EVERFLOW has a claim for money based on a wholesale commercial contract whereby it supplied MEI with goods on credit. MEI failed to pay for the goods. The debt is unsecured.

The claim amount is "fixed or readily ascertainable." Unpaid invoices supporting this Writ application total $1,894,176.27. MEI owes at least this amount. (As noted, the Complaint itself seeks a larger amount than that sought in this Writ application. The additional debt – cancellation charges, large retooling charges, etc. -- does not as readily support the level of proof necessary for a Writ Application and was therefore left for later proof at trial.)

The facts of this matter lend themselves to the pre-judgment attachment remedy.

### 4. PLAINTIFF IS LIKELY TO OBTAIN A JUDGMENT AT TRIAL

An applicant for an Order of Writ of Attachment must establish a prima facie case for the underlying claim. (C.C.P. § 484.090(a)(2))  If opposed, "the court must consider the relative merits of the positions of the respective parties and make a determination of the probable outcome of the litigation." *Loeb & Loeb v. Beverly Glen Music, Inc.* (1985) 166 Cal.App. 3d 1110, 1120. This determination is within the discretion of the trial court, and is not likely to be disturbed on appeal. *Loeb & Loeb v. Beverly Glen Music, Inc., supra.*

This matter could hardly be more of a textbook example of a commercial collection matter. Goods are order. Goods are shipped. Goods are invoiced. Goods are not paid for. Personnel have repeatedly acknowledged, albeit tacitly, that they owe money. This case does not involve faulty equipment. The defendant has not complained about the quality of the goods. Its communications concerning the debt merely focus on ways to pay it down. Its communications have never denied the debt.

Plaintiff will more likely than not prevail at trial. As such, the Attachment remedy is available.

## 5. CONCLUSION

For the foregoing reasons, Plaintiff requests an Order authorizing the issuance of a Writ of Attachment. The Defendant's failure to pay its bills may be an indication of ill financial health. Plaintiff seeks assurance that the Defendant will have some assets available to satisfy an eventual judgment. Plaintiff is prepared, immediately following the hearing, to deposit the required undertaking with the Clerk of the Court pursuant to Code of Civil Procedure § 489.220(a).

Dated: December 14, 2007

_____
MARK FANG

5
P & A'S IN SUPPORT OF WRIT APPLICATION

## DECLARATION OF PETER CHIU IN SUPPORT OF APPLICATION

1. I, Peter Chiu, am President of Everflow Technology Corporation (hereinafter "Everflow"), a Tawainese corporation located in Taipei, Taiwan, R.O.C..

2. I am familiar with the company accounts and have responsibility for overseeing the maintenance of credit records. These records are ultimately kept under my custody and control.

3. I have supervision and control over the employees and the bookkeeping and the credit, receivables, and accounting department at EVERFLOW. I am required to know, and do know, the duties of the employees I supervise and the methods they use in making bookkeeping entries and maintaining other records for which I am responsible.

4. The business records for each customer having an account with EVERFLOW for the purchase of cooling devices include the following:

   a. Invoices;
   b. Monthly billing statements;
   c. Accounts receivables and payables databases; and
   d. Checks, drafts, and bank wiring records reflecting payments.

5. EVERFLOW's invoice statements provided to its customers contain the following information:

   a. The date of each purchase;
   b. The invoice number;
   c. The charge;
   d. A description of the product sold; and
   e. The MEI purchase order number.

6.  Information from the invoices, credit memos, and checks, drafts and bank wiring records reflecting payments are stored both manually and electronically. EVERFLOW conducts it business operations in reliance on the accuracy of the electronic and manual system of payment application and the retention and retrieval of the information.

7.  The invoices and credit memos are made in the regular course of business. These written documents are made out at or near the time of the occurrence of the act or condition that they reflect.

8.  The accounts are kept on a specific customer basis. Thus, a customer who does regular business with EVERFLOW has a general open account.

9.  Payment is credited according to the invoice being paid. If no invoice is designated, the payment is manually credited to the oldest invoice. Likewise, within any one account the goods covered by a present payment are those for which there has been the oldest outstanding balance. This is done according to generally accepted accounting principles.

<u>(Millennium Electronics Account)</u>

10. I have made a general examination of all the invoices, statements, books, email communications, and records of EVERFLOW pertaining to the amounts presently owed, and owed in the past by Defendant Millennium Electronics, Inc. (hereinafter "MEI"), on account for computer fans and cooling devices sold and shipped to MEI. These records were made in the regular course of EVERFLOW business at the date near the time the actual transaction which they reflect (unless noted otherwise). I have personal knowledge that these transactions actually occurred and that the product shipped.

11. In June 2005, MEI transmitted a series of Purchase Orders to EVERFLOW offering to purchase EVERFLOW fans. In response, MEI began to ship goods and send Invoices.

Attached as Exhibit A are true and correct copies of a purchase order, invoice, and packing list that document a typical transaction between EVERFLOW and MEI.

Exhibit A contains EVERFLOW Purchase Order number 7373, dated June 9, 2007. It sets out the item name ("MTHERM-1711-00"), quantities ("20" and "50"), unit cost ("12.3500"), destination (MEI), container markings and the payments terms ("TT 45 days", meaning money to be wired 45 days after shipment).

Exhibit A contains also MEI Commercial Invoice number EM050091 issued after the 50 items shipped. This invoice notes the corresponding purchase order ("PO") number, customer, product description, quantity, price, and total cost.

12. Exhibits B through J are each true and correct copies of similarly grouped purchase orders and invoices that each document a separate transaction whereby MEI ordered and EVERFLOW shipped product for which EVERFLOW has not been paid.

13. Exhibit K is a true and correct summary of MEI's unpaid invoices. It was compiled using the information within each of MEI's purchase orders and unpaid invoices, and it totals $1,894,176.27. The first page is amended to reference the Exhibits attached hereto.

14. EVERFLOW delivered the goods as requested by the purchase orders, i.e., by delivering them F.O.B. to ports in China. I have personal knowledge that these goods were shipped, these invoices sent, and no payment on these invoices received from MEI.

15. My employees and I engaged in a lengthy email correspondence with the principals of MEI about the payment of the overdue invoices beginning on July 27, 2007, and extending through October 15, 2007. Though Jim Loro, the president of MEI, and Michael Callaghan, the CFO of MEI, have both made multiple promises to pay down the outstanding debt, the debt has only grown. No one at MEI has ever raised a quality issue

concerning EVERFLOW products as a reason for not paying these invoices. The only conclusion to draw is that MEI has no reasonable basis to challenge these invoices totaling $1,894,176.27.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct and if sworn as a witness I could competently testify to the facts stated herein.

Dated: December _13_, 2007

*Peter Chiu*
PETER CHIU

9
P & A'S IN SUPPORT OF WRIT APPLICATION

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF VENTURA

I, the undersigned, declare that I am a resident of the County of Ventura, State of California; I am over the age of 18 years and not a party to the within action; my business address is 215 E. Daily Drive, Suite 9, Camarillo, California 93010.

On **December 18, 2007**, I served the following documents, **NOTICE OF APPLICATION AND HEARING FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT; APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC.; RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER FOR ISSURANCE OF ATTACHMENT; WRIT OF ATTACHMENT; POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR ORDER OF ATTACHMENT; DECLARATION OF PETER CHIU; and EXHIBITS A-K** of which the original document, or a true and correct copy, is attached, by placing a copy thereof in a separate envelope for each addressee named hereafter, addressed to each such address respectively as follows:

GKL Corporate/Search, Inc.-Agent for Service
915 L Street, Suite 1250
Sacramento, CA 95814

__x__ **(BY MAIL)** I deposited such envelope in the mail at Camarillo, California. The envelope was mailed with postage thereon fully prepaid. Executed on **December 18, 2007.**

____ **(BY FACSIMILE)** In addition to regular mail, I sent this documents via facsimile to the above listed numbers.

____ **(BY PERSONAL SERVICE)** Such envelope was delivered by HAND DELIVERY to the office of the addressee. Executed on November 8, 2007

____ **(VIA CERTIFIED MAIL, RETURN RECEIPT)** Such envelope was delivered via certified mail, return receipt to all addressees listed on attached mailing list. Executed _____.

____ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__x__ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare that I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

December 18, 2007, at Camarillo, California.

_____Scott H. Wintermute_____     _____(Signature)_____
(Print Name)