MARK FANG, ATTORNEY AT LAW, APC
Mark Fang, Esq.; SBN 199073
William G. Short, Esq.; SBN 132479
215 East Daily Dr., Suite 9
Camarillo, CA 93010
Telephone: (805) 383-2788
Facsimile: (805) 388-9488

Attorney for Plaintiff EVERFLOW
TECHNOLOGY CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORPORATION, incorporated under the laws of the Republic of China (Taiwan),<br><br>    Plaintiff,<br><br>vs.<br><br>MILLENIUM ELECTRONICS, INC., a California corporation,<br><br>    Defendant. | Case No.: C07-05795 JF (HRLx)<br><br>**PLAINTIFF'S OBJECTIONS TO EVIDENCE**<br><br>Date: February 8, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. Jeremy Fogel |

    Plaintiff hereby objects to the following evidence presented by the Defendant in connection with the Plaintiff's application for order of writ of attachment set for hearing on February 8, 2008 before this court:

    1.    DECLARATION OF JAMES LORO IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER OF WRIT OF ATTACHMENT, dated January 18, 2008, page 1, line 22 thru page 2, line 5.

**Lack of Foundation**. Fed. R. Evid. § 602. Personal knowledge and competency must be shown by the facts stated: *i.e.,* they must be matters known to the declarant personally, as distinguished from matters of opinion or hearsay. *Bank Melli Iran v. Pahlavi* (9th Cir. 1995) 58 F.3d 1406, 1412. See also, *Norita v. Commonwealth of the N. Mariana Islands* (9th Cir. 2001) 331 F.3d 690, 697-698 (affidavits submitted in opposition to motion for summary judgment were insufficient to raise genuine issue of material fact when they did not recite how affiants gained information they allege, because trial court could not determine whether they were made on personal knowledge or whether information they contained was subject to hearsay objection). It is Mr. Loro's burden to establish his own personal knowledge. *Ward v. First Fed. Sav. Bank* (7th Cir. 1999) 173 F.3d 611, 617-618 (general affidavit not specifying source of awareness, held not to establish affiant's personal knowledge). Here, Mr. Loro has wholly failed to meet his burden of establishing personal knowledge. Mr. Loro does not tell us, other than that he is President, how he has gained personal knowledge about the details within his Declaration.

2.   DECLARATION OF JAMES LORO IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER OF WRIT OF ATTACHMENT, dated January 18, 2008, page 2, lines 6 thru 8.

**Lack of Foundation**. Fed. R. Evid. § 602. Personal knowledge and competency must be shown by the facts stated: i.e., they must be matters known to the declarant personally, as distinguished from matters of opinion or hearsay. *Bank Melli Iran v. Pahlavi* (9th Cir. 1995) 58 F.3d 1406, 1412. See also, *Norita v. Commonwealth of the N. Mariana Islands* (9th Cir. 2001) 331 F.3d 690, 697-698 (affidavits submitted in opposition to motion for summary judgment were insufficient to raise genuine issue of material fact when they did not recite how affiants gained information they allege, because trial court could not determine whether they were made on personal knowledge or whether information they contained was subject to hearsay objection). It is Mr. Loro's burden to establish his own personal knowledge. *Ward v. First Fed. Sav. Bank* (7th Cir. 1999) 173 F.3d 611, 617-618 (general affidavit not specifying source of awareness, held not to establish affiant's

personal knowledge). Here, Mr. Loro has wholly failed to meet his burden of establishing personal knowledge. Mr. Loro does not tell us, other than that he is President, how he has gained personal knowledge about the details within his Declaration.

**Hearsay**. Fed. R. Evid. § 801. Clearly verbalized communications with which the declarant intends to convey information are "statements" within the meaning of Rule 801 (a). *Superior Fireplace Co. v. Majestic Prods Co.* (Fed. Cir. 2001) 270 F.3d 1358, 1365-1366. Mr. Loro's attachment ("Exhibit A") is a clearly verbalized communication by which he intends to convey information, which is offered to prove the truth of the matter asserted, and is therefore classic hearsay.

The business records exception, however, does not apply (Fed. R. Evid. § 803). Mr. Loro has failed to prove, or even assert, whether the document has been: 1) kept in the course of a regularly conducted business activity, 2) made at or near the time of the matter recorded in it, 3) made by a person with knowledge, and 4) produced as a regular practice of that business activity. A showing of all four elements is necessary for the exception to apply.

**Lack of Authentication**. Fed. R. Evid. § 901. The defendant has failed to meet its burden of introducing evidence sufficient to show that the exhibit is what the Mr. Loro claims it to be. *U.S. v. Inserra* (2d Cir. 1994) 34 F.3d 83, 90. Here, Mr. Loro provides no evidence describing how the document was created, where it came from, who created it, what it purports to show, or even what it is.

Plaintiff will respectfully request the court at the hearing on the Application to sustain the above objections and to strike the evidence referred to above.

Dated: January 24, 2008          MARK FANG ATTORNEY AT LAW, APC

By:_____
Mark Fang, Esq., Attorney for Plaintiff Everflow Technology Corporation

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF VENTURA

I, the undersigned, declare that I am a resident of the County of Ventura, State of California; I am over the age of 18 years and not a party to the within action; my business address is 215 E. Daily Drive, Suite 9, Camarillo, California 93010.

On **January 25, 2008**, I served the following document, **PLAINTIFF'S OBJECTIONS TO EVIDENCE,** of which the original document, or a true and correct copy, is attached, by placing a copy thereof in a separate envelope for each addressee named hereafter, addressed to each such address respectively as follows:

> Mark R. Figueiredo, Esq.
> Jonathan H. Van Ee, Esq.
> STRUCTURE LAW GROUP, LLP
> 1754 Technology Dr, Suite 135
> San Jose, CA  95110
> (408) 441-7500
> (408)228-8787
> mrf@structurelaw.com
> jve@structurelaw.com

__x__  **(BY MAIL)**    I deposited such envelope in the mail at Camarillo, California.  The envelope was mailed with postage thereon fully prepaid.  Executed on **January 25, 2008.**

____  **(BY FACSIMILE)** In addition to regular mail, I sent this documents via facsimile to the above listed numbers.

____  **(BY PERSONAL SERVICE)** Such envelope was delivered by HAND DELIVERY to the office of the addressee. Executed on_____.

____  **(VIA CERTIFIED MAIL, RETURN RECEIPT)** Such envelope was delivered via certified mail, return receipt to all addressees listed on attached mailing list. Executed_____.

____  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__x__  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare that I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

January 25, 2008, at Camarillo, California.

____Sarah McEachern____        ____*Sarah McEachern*____
        (Print Name)                          (Signature)