**E-Filed 2/11/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORPORATION, incorporated under the laws of the Republic of China (Taiwan),<br><br>Plaintiff,<br><br>v.<br><br>MILLENIUM ELECTRONICS, INC., a California corporation,<br><br>Defendant. | Case Number 07-05795-JF<br><br>ORDER[1] GRANTING PLAINTIFF'S APPLICATION FOR ORDER OF WRIT OF ATTACHMENT |

Plaintiff, Everflow Technology Corp. ("Plaintiff") moves for an Order granting a Writ of Attachment pursuant to § 483.010 of the California Code of Civil Procedure. The motion is opposed by Defendant Millenium Electronics, Inc. ("Defendant"). The Court has considered the moving and responding papers and the presentations at the hearing on February 8, 2008. For the reasons set forth below, Plaintiff's application will be granted without prejudice to a future application by Defendant to reduce the amount of the attachment.

[1] This disposition is not designated for publication and may not be cited.

## I. BACKGROUND

Plaintiff is a specialized fan manufacturer located in Taiwan. The fans manufactured by Plaintiff are used by large computer manufacturers that incorporate them into computers, which are sold retail. Defendant is a California corporation located in San Jose, California. It markets cooling systems directly to computer assembly companies for incorporation into the individual personal computer designs sold by those companies.

Defendant used Plaintiff's fans as part of Defendant's cooling systems. Plaintiff entered into a series of agreements to deliver computer cooling products to Defendant. Defendant allegedly agreed to wire payment for each shipment of goods within forty-five (45) days. Plaintiff claims that Defendant ordered goods from Plaintiff and took delivery, but that Defendant has failed to pay in excess of $2,000,000 owed to Plaintiff.

## II. LEGAL STANDARD

Fed. R. Civ. P. 64 provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. The remedies available under this rule include . . . attachment . . ." Fed. R. Civ. P. 64. "The effect of Rule 64 is to incorporate state law to determine the availability of prejudgment remedies for seizure of property to secure satisfaction of a judgment ultimately entered." *Post-A-Traction, Inc. v. Kelley-Springfield Tire Co.*, 112 F.Supp2d 1178, 1181 (C.D. Cal. 2000).

California Code of Civil Procedure § 481.010 *et seq.* provides the procedures and grounds for obtaining orders granting prejudgment writs of attachment. An order of attachment may be issued only in an action for a claim of money, based upon an express or implied contract, in which said claim is for a fixed or readily ascertainable amount not less than $500, exclusive of cost, interest, and attorney's fees. C.C.P. § 483.010(a). The claim may not be secured, C.C.P. § 483.010(b), and must be a commercial claim. C.C.P. § 483.010(c). Before an order for attachment is issued, the Court must find all of the following: (1) the claim upon which the

attachment is based is one upon which attachment may be issued; (2) the plaintiff has established the probable validity of the claim upon which the attachment is based; (3) the attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based; and (4) the amount to be secured by the attachment is greater than zero. C.C.P. § 484.090(a). The burden is on the moving party to establish grounds for an order of attachment. *Loeb and Loeb v. Beverly Glen Music, Inc.,* 166 Cal.App.3d 1110, 1116 (1985).

## III. DISCUSSION

In the instant case each of the requirements of § 483.010 of the California Code of Civil Procedure is satisfied. First, Plaintiff has an express contract with Defendant. The contract is a wholesale commercial contract wherein Plaintiff has promised to supply Defendant with goods on credit, and Defendant has promised to pay Plaintiff within forty-five (45) days for all goods received. Second, the invoices supplied by Plaintiff show a total outstanding debt of $1,894,176.27, showing that there is a readily ascertainable amount due and owed. Plaintiff has requested a writ of attachment in this amount, as opposed to the total amount of damages alleged in the complaint, because it recognizes that the alleged additional debt, which is comprised of cancellation charges and retooling charges, is not readily ascertainable. Third, the amount sought, exclusive of cost, interest, and attorney's fees, far exceeds the statutory minimum. Fourth, the claim is unsecured. Fifth and finally, the attachment is being issued for a claim arising out of the conduct by the defendant of a business, thereby making it a commercial claim.

Plaintiff also has met each of the requirements of § 484.090. The second requirement of § 484.090(a), that the plaintiff must establish the probable validity of the claim upon which the attachment is based, merits brief discussion. If the validity of Plaintiff's claim is opposed by Defendant "the court must consider the relative merits of the positions of the respective parties and make a determination of the probable outcome of the litigation." *Loeb & Loeb v. Beverly Glen Music, Inc.*, 166 Cal.App. 3d 1110, 1120 (1985).

As detailed above, Plaintiff asserts that it contracted with Defendant to supply goods on credit. Thereafter, Plaintiff would bill Defendant for the goods provided and Defendant would

pay the invoice within forty-five (45) days of its receipt. Plaintiff alleges that it shipped Defendant goods for over a two year period and that Defendant has failed to pay a majority of the invoices associated with those goods. Defendant contends that the products in question were not timely shipped, which resulted in losses to Defendant and its customers, that Plaintiff is withholding services for which Defendant has already paid, that Plaintiff is making claims for products that were never shipped, and that the amount that Plaintiff alleges in its application for order of writ of attachment is incorrect.

Plaintiff provides specific information with respect to the contractual relationship between the parties as well as detailed allegations with respect to Plaintiff's services and Defendant's subsequent breach. Plaintiff has submitted extensive documentation in the form of purchase orders, invoices, and a list of all outstanding debts.

In contrast, Defendant's assertions with respect to the merits are notably sparse. Defendant's opposition brief is sex sentences in length. The supporting evidence is weak and subject to numerous evidentiary objections. The declaration of Defendant's president provides few, if any, specific details. While Defendant claims that shipments of goods were delayed, the declaration does not state which shipments were delayed, or for how long, nor does it state the type and amount of losses suffered. Defendant also claims that Plaintiff withheld certain services, but it provides no evidence to that effect. Finally, Defendant asserts that the amount that Plaintiff claims it is owed is incorrect. But an exhibit Defendant attaches to its opposition brief indicates that Plaintiff is owed *at least* $1,420,897.12.

Plaintiff properly objects that the declaration provided by Defendant lacks foundation because it does not allege that the declarant has personal knowledge of facts contained therein. Plaintiff also properly objects to Defendant's open invoice as undeniable hearsay. Because Defendant provides no information on how the document was created, who created, where it came from, what it purports to prove, or even what it is, it may not be admitted under the business record exception to the hearsay rule.

Pursuant to the above discussion, and in light of Plaintiff's uncontested assertion that Defendant's failure to pay its bills may be an indication of ill financial health that may impair

Plaintiff's ability to collect damages in the event that it prevails at trial, it is appropriate that a writ of attachment be ordered in the amount requested by Plaintiff.

**IV. ORDER**

For the reasons set forth above, this Court GRANTS Plaintiff's application for a writ of attachment. An order of attachment in the amount of $1,894,176.27 shall be issued without prejudice to a future application by Defendant to modify the amount of the attachment. Plaintiff shall post the statutory bond prior to issuance of the writ. IT IS SO ORDERED.

DATED: February 11, 2008

JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Counsel for Plaintiff

Mfang@MarkFangAPC.com

Counsel for Defendant

mrf@structurelaw.com