```
 1  MARK FANG, ATTORNEY AT LAW, APC
    Mark Fang, Esq.; SBN 199073
 2  William G. Short, Esq.; SBN 132479
    215 East Daily Dr., Suite 9
 3  Camarillo, CA 93010
    Telephone: (805) 383-2788
 4  Facsimile: (805) 388-9488

 5  Attorney for Plaintiff EVERFLOW
    TECHNOLOGY CORPORATION
 6
    STRUCTURE LAW GROUP, LLP
 7  Mark R. Figueiredo, Esq.; SBN 178850
    Jonathan H. Van Ee, Esq.; SBN 214129
 8  1754 technology Drive, Suite 135
    San Jose, CA 95110
 9  Telephone: (408) 441-7500
    Facsimile: (408) 228-8787
10
    Attorney for Defendant MILLENIUM
11  ELECTRONICS, INC.

12
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| EVERFLOW TECHNOLOGY CORPORATION, incorporated under the laws of the Republic of China (Taiwan), | Case No.: C 07-05795 JF (HRLx) |
|---|---|
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| vs. | Date: April 25, 2008 |
| MILLENNIUM ELECTRONICS, INC., a California corporation, | Ctrm.: 3, Fifth Floor SJ |
| Defendant. | Time: 10:30 a.m. |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as the Case Management Order in this case.

---
1
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

## JURISDICTION, VENUE AND PARTIES

Jurisdiction is based upon diversity of citizenship under *28 U.S.C. § 1332* in that Plaintiff EVERFLOW TECHNOLOGY CORPORATION is a business entity incorporated under the laws of the Republic of China (Taiwan), having its principal place of business in the Republic of China (Taiwan), and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 (seventy five thousand dollars). Venue is proper in this Court and in the San Jose Division pursuant to *28 U.S.C. § 1391(a)(1)* in that the Defendant MILLENIUM ELECTRONICS, INC., is a California corporation with its principal place of business in the city of San Jose, California.

## DESCRIPTION OF THE CASE

Plaintiff EVERFLOW TECHNOLOGY CORPORATION (hereinafter "Everflow" and "Plaintiff") has been, and now is, extensively engaged in the specialized business of manufacturing miniature cooling fans. These fans are largely used by large computer manufacturers who, in turn, incorporate them into their computers which are then sold retail. Everflow's fans are found in computer equipment sold, for example, by Sony, Samsung, Fujitsu, Hewlett Packard, AMD, and other well known brands.

Defendant MILLENIUM ELECTRONICS, INC. (hereinafter "MEI" and "Defendant"), markets cooling systems directly to computer companies for incorporation into the individual personal computer designs of those companies. MEI purchased Everflow's fans for use as part of MEI's cooling systems which MEI sold to computer manufacturers for incorporation into the final assembly of personal computers units destined for sale to the public.

Since January 2005, Everflow has shipped and delivered fans and related equipment.

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

## DISPUTED FACTS

**A. Everflow's Allegations**

Since January 2005, at the special request of MEI, and in consideration of MEI's promise to pay the purchase price as evidenced by purchase orders and invoices, Everflow has shipped and delivered the fans and related equipment..

Everflow fully and in all things performed its part of the agreement described in paragraph 4, in that on the various dates, Everflow delivered the goods to MEI in the time and manner and at the place required by the agreement.

Immediately following each delivery, Everflow delivered in the regular course of business an invoice to MEI in the various amounts.

Attorneys for Defendant Millennium Electronics Inc. (MEI) and Mr. James Loro, President of MEI admitted in their signed answer and declaration that the goods were shipped and received.

In violation of its promises and obligations under the agreement described in paragraph 4, MEI wrongfully fails and refuses to make payment due for the goods. The total dollar value of invoiced products for which MEI has not paid and currently owes is **$2,040,562.96**. In addition, Everflow is entitled to damages calculated by either the difference between the contract price and market price at the time of breach, or lost profits; and in either case, incidental damages; both to be determined according to the Commercial Code.

**B. MEI's Allegations**

Defendant disputes the timeliness of shipment of goods as well as the amount that Plaintiff alleges it is owed. Defendant also asserts that Everflow wrongfully contacted Defendant's customers directly, thereby impeding Defendant's ability to transact business with Everflow.

## LEGAL ISSUES

The following expansive listing of legal issues is included herein for the sole purpose of helping the Court understand in detail the issues in this case. Neither of the parties hereby admits to liability with respect to these issues.

- **Applicable law.** The Erie Doctrine holds that in a diversity of citizenship case, federal courts apply the substantive law of the state in which the case is decided. *Erie Railroad Co. v. Tompkins* (1938) 304 U.S. 64, 58 S.Ct. 817. This case is governed by Division 2 of the California Commercial Code. Commercial Code Division 2 applies to transactions in goods. Com C §2102. Goods are defined as "all things…which are movable at the time of identification to the contract for sale…and things in action." Com C §2105(1).

- **Contract formation.** Generally, if the parties intended to make a contract and "there is a reasonably certain basis for giving an appropriate remedy," a contract will be found to exist. Com C §2204(3).
    - **Offer.** Courts must apply general contract law principles to determine whether a party has made an offer. See Com C. §1103(b). An offer is a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that assent is invited and will conclude the bargain. Restatement 2d of Contracts §24 (1981).
    - **Acceptance.** Unless otherwise unambiguously indicated by the language or circumstances, an offer to make a contract must be construed as inviting

acceptance in any manner and by any medium reasonable under the circumstances. Com C §2206 (1)(a).

- **Consideration**. The implied obligation of good faith is sufficient consideration. Com C §1304. *Wood v. Lucy, Lady Duff-Gordon*, (1917) 222 N.Y. 88, 118 N.E. 214 (implied obligation of good faith was found to be sufficient consideration).

? **Defenses.**

- **Statute of Frauds**. A contract for the sale of goods for $500 or more is not enforceable unless there is some writing sufficient to indicate that a contract for sale has been made by the parties and signed by the party against whom enforcement is sought or by his or her authorized agent or broker. Com C §2201.
- **"Perfect Tender Rule"**. This is the principle that goods may be rejected for any defect in delivery. Com C §2601. After tender has been accepted, the buyer must notify the seller of any breach within a reasonable time after it discovers, or should have discovered the breach "or be barred from any remedy". Com C §2607(3)(A).
- **Installment contracts.** An exception to the "perfect tender rule" is the "substantial performance" doctrine. Com C §2612. *Stinnes Interoil, Inc. v. Apex Oil Co.* (SD NY 1985) 604 F Supp 978. An installment contract is any sales contract that requires or authorizes delivery of goods in separate lots to be separately accepted. Com C §2612(1).

- o **Frustration of Purpose.** The purposes of a contract can be frustrated, thereby entitling the aggrieved party to relief.
- ? **Remedies.** Tender of the goods entitles the seller to payment according to the contract. Com C §2507(1). Failure to pay is a breach of the contract.
  - o **Contract price.** When the buyer fails to pay the price as it falls due, the seller can recover the full contract price for the goods when the buyer has accepted the goods. Com C §2709(1)(a). In installment contracts, failure to pay one or more installments may give the seller the right to accelerate the balance due and seek the price even if the contract does not expressly provide for acceleration. *Gantry Constr. Co. v. American Pipe & Constr. Co.* (1975) 49 CA3d 186, 122 CR 834.
  - o **Damages.** The standard measure of damages for the buyer's repudiation is the difference between the unpaid contract price of the goods and their market price at the time and place for tender, less any expenses saved by the breach. Com C §2708(1). If the difference between the contract price and the market price does not adequately compensate the seller for his losses, he is entitled to recover the profits (including reasonable overhead) that the seller would have made from the buyer's full performance. Com C §2708(2).
  - o **Incidental damages.** In addition, the seller may recover incidental damages. Com C §2701(1). "Incidental damages to an aggrieved seller include any commercially reasonable charges, expenses or commissions incurred in stopping delivery, in the transportation, care, and custody of goods after the

buyers' breach, in connection with return or resale of the goods or otherwise resulting from the breach." Com C §2710.

- **Offsets.** Finally, the law provides for offsets to damages.

## MOTIONS

A motion for **Writ of Attachment** was granted by the court at a hearing on February 8, 2008. There are no pending motions, but motions may be appropriate in the future.

## AMENDMENT OF PLEADINGS

The pleadings may be amended to incorporate the claims and remedies under the California Commercial Code. However, the complaint as written satisfies the requirements of notice pleading under F.R.Civ.P. Rule 8.

## DISCLOSURES

Everflow certifies that it has made the following disclosures: Peter Chiu, Everflow employee, Meg Chen, Everflow employee, Cary Chen, Everflow employee, Purchase orders and commercial invoices, Documents sufficient to show sales (subject to entry by the Court of an acceptable protective order), Documents sufficient to show delivery conforming to time, manner, and place, Notices of demand, Account stated, Relevant electronic documents such as email, spreadsheets, etc.

MEI has disclosed documents relating to the shipment and payment of the goods.

## DISCOVERY

The parties agree to the following discovery plan:

A. There is no need to conduct discovery in phases.

B. Discovery will be conducted on all the issues in the cases, including the allegations set out in Defendants' affirmative defenses.

C. A maximum of 100 interrogatories by each party.

D. A maximum of 100 requests for admissions by each party.

E. A maximum of 5 depositions by Plaintiff and 5 depositions by Defendant.

F. Reports from retained experts under Fed. R. Civ. P. Rule 26 (a)(2) are due not less than 50 days before trial.

G. Counsel agree to further discuss informally the manner in which their respective clients electronically store information. Disclosure or discovery of electronically stored information should be produced in the form normally kept in the ordinary course of business and accessible if reasonably possible through standard means unless otherwise agreed upon.

H. Discovery may include information properly subject to a protective order, at a time to be determined by the parties as necessary. At such time, a protective order will be drafted by the party requesting the protective order and agreed upon by both parties, and filed as an Order of the Court.

### RELIEF

Everflow alleges that it is entitled to:

? The contract price, **$2,040,562.96**. Com C §2709(1)(a).

? Damages measured by the difference between the contract price and the price of goods at the time of breach, or profits including reasonable overhead (to be determined). Com C §2708(1), §2708(2).

? Incidental damages as defined in the Commercial Code (to be determined). Com C §2701(1), §2710.

MEI alleges the following defenses:

The amount owed, the quality and timeliness of delivery of the goods, and the nature of the goods actually shipped. Defendant further asserts various offsets to any obligation to pay.

### SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

The parties filed a Notice of Need for ADR Phone Conference with the court and with the ADR program office. The phone conference has not been scheduled as of yet.

### OTHER REFERENCES

This case does not appear to be suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### NARROWING OF ISSUES

Everflow alleges that the issues of contract formation and breach of contract under the Commercial Code could be narrowed by stipulation or motion.

### EXPEDITED SCHEDULE

Not applicable.

### TRIAL SCHEDULE

The parties request a trial date as follows:

A. Completion of non-expert discovery by August 1, 2008.

B. A deadline of September 1, 2008 to file motions.

C. A pre-trial conference on September 15, 2008.

D. The case should be ready for trial by jury by October 1, 2008.

E. The trial is expected to take 4 days.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Not applicable.

Dated: 2-29-08

Mark Fang, Esq.

Dated: 2/29/08

Mark R. Figueiredo, Esq.

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:


Dated: _____    _____
UNITED STATES DISTRICT JUDGE