1  Kevin R. Martin, SBN 176853
   **RANDICK O'DEA & TOOLIATOS, LLP**
2  5000 Hopyard Road, Suite 400
   Pleasanton, California   94588
3  Telephone:     (925) 460-3700
   Facsimile:     (925) 460-0969
4  Email:         kmartin@randicklaw.com

5  Attorneys for Consumer
   Jamel Enterprises, LLC
6

7

8              UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORPORATION, incorporated under the laws of the Republic of China (Taiwan),<br><br>Plaintiff,<br><br>vs.<br><br>MILLENNIUM ELECTRONICS, INC., a California corporation,<br><br>Defendant. | Case No.: C07-05795-JF (HRL)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER QUASHING SUBPOENA AND FOR EXPENSES OF MOTION**<br><br>*F.R.C.P. 45(c)*<br><br>Date:      September 23, 2008<br>Time:      10:00 a.m.<br>Magistrate:   Howard R. Lloyd |

                    **I.    FACTUAL BACKGROUND**

Plaintiff Everflow Technology Corporation's (hereinafter "EVERFLOW") Complaint of record in this matter alleges breach of contract and common counts against Defendant MILLENNIUM ELECTRONICS, INC. (hereinafter "MILLENNIUM"). (Declaration of Kevin Martin "Martin Decl." ¶ 2)  EVERFLOW alleges MILLENNIUM has failed to pay over $2 million dollars for fans and other related equipment that EVERFLOW allegedly delivered to MILLENNIUM from January of 2007 through October of 2007. (Id. at ¶ 3)

On August 4, 2008, EVERFLOW served a subpoena for documents on Heritage Bank of Commerce, Inc. (hereinafter "HERITAGE") for all records, relating to accounts held by Jamel

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER QUASHING SUBPOENA AND EXPENSES OF MOTION
CASE NO.: C07-05795-JF (HRL)
178866.doc

1 Enterprises, LLC (hereinafter "JAMEL"), including savings, checking, credit line, certificates of
2 deposit, loans and credit cards, account statements, records of wire transfers, signature cards,
3 powers of attorney, loan applications, credit card applications and records relating to letters of
4 credit (collectively referred to herein as "Bank Records") dated January 1, 2000 to the present.
5 (*See* Martin Decl. ¶¶ 4-5; Martin Decl. Exhs. A & B)

## II.    ARGUMENT

### A. THE COURT SHOULD QUASH THE SUBPOENA BECAUSE THE UNDUE BURDEN IMPOSED BY THE SUBPOENA OUTWEIGHS THE PLAINTIFF'S INTEREST IN OBTAINING THE DOCUMENTS

Under Federal Rule of Civil Procedure 45(c)(3)(A), "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[,]" Travelers Indem. Co. v. Metropolitan Life Insur. Co., 228 F.R.D. 111, 113 (D.Conn. 2005), and, in particular, requires the court to consider such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed. Moon v. SCP Pool Corporation, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

Here, the burden to JAMEL to allow EVERFLOW to obtain copies of its confidential financial records far outweighs any value to EVERFLOW since JAMEL'S bank records do not contain any evidence that would assist EVERFLOW in proving the claims alleged in its Complaint against MILLENNIUM, who is a third-party unrelated to JAMEL. EVERFLOW alleges it entered into a agreement with MILLENNIUM for the purchase of goods. JAMEL was not a party to this agreement and did not order or receive any goods from EVERFLOW on behalf of MILLENNIUM. JAMEL has no financial obligation for any of the damages alleged in EVERFLOW'S Complaint and therefore its Bank Records are irrelevant and unnecessary to prove or defend the claims in EVERFLOW'S Complaint. EVERFLOW seeks to recover damages from MILLENNIUM which bears no correlation to the Bank Records of JAMEL. Any financial information regarding MILLENNIUM, if relevant in this matter, should be obtained directly from MILLENNIUM.

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER QUASHING SUBPOENA AND EXPENSES OF MOTION
CASE NO.: C07-05795-JF (HRL)
178866.doc

1    Additionally, the request is overbroad in that it seeks Bank Records for JAMEL, which

2 have no relevance to any alleged contract between EVERFLOW and MILLENNIUM.

3 EVERFLOW'S request is also overbroad with respect to the time period for the documents

4 requested.  EVERFLOW seeks documents dating back to January 1, 2000, however, JAMEL

5 was not incorporated until 2003.  Thus, EVERFLOW'S request is so broad that it includes

6 documents that do not even exist.

7    EVERFLOW'S subpoena is an arbitrary fishing expedition and places an undue burden

8 on JAMEL to disclose confidential bank records without any enumerated purpose.  As such,

9 JAMEL'S motion to quash EVERFLOW'S subpoena should be granted.

10 **B.  THE SUBPOENA REQUESTS DOCUMENTS THAT ARE IRRELEVANT TO THE CLAIMS OR DEFENSES OF THE PARTIES**

11

12    Although irrelevance is not among the enumerated reasons for quashing a subpoena

13 under Rule 45(c)(3), federal courts have incorporated relevance as a factor to be considered

14 when ruling on motions to quash.  <u>Moon</u>, 232 F.R.D. at 637; *See also*.<u>Goodyear Tire & Rubber

15 Co. v. Kirk's Tire & Auto Servicenter</u>, 211 F.R.D. 658, 662 (D.Kan. 2003); <u>Travelers</u>, 228

16 F.R.D. at 113; <u>United States v. IBM</u>, 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

17    Here, EVERFLOW'S complaint includes causes of action for breach of contract and

18 common counts arising out of MILLENNIUM'S alleged failure to pay for goods received.

19 JAMEL did not enter into any contracts with EVERFLOW, and is not a named party in this

20 action.  Moreover, JAMEL is not obligated to compensate EVERFLOW for any of the contract

21 damages allegedly incurred.  Therefore, JAMEL'S Bank Records are not relevant to the parties'

22 claims or defenses in this matter.  As such, the court should grant JAMEL'S Motion to Quash the

23 subpoena to Heritage Bank of Commerce, Inc. seeking copies of JAMEL'S bank records.

24 **C.  THE COURT SHOULD PROTECT JAMEL ENTERPRISES, LLC FROM UNNECESSARY DISCLOSURES OF CONFIDENTIAL INFORMATION**

25

26    Federal Rule of Civil Procedure 45(c)(3)(B)(i) provides that the court may grant a motion

27 to quash a subpoena if it requires a party to disclose trade secret or other confidential research,

28

3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER QUASHING SUBPOENA AND EXPENSES OF MOTION
CASE NO.: C07-05795-JF (HRL)
178866.doc

1  development, or commercial information.  Here, EVERFLOW has requested disclosure of

2  confidential bank records belonging to JAMEL for the period of January 1, 2000 to the present.

3  However, as discussed above, EVERFLOW has not pled any facts in its Complaint to support its

4  request for confidential bank records of an unrelated third-party.  Moreover, there are certainly

5  less invasive means for EVERFLOW to discover what, if any, connection there is between

6  MILLENNIUM and JAMEL.  As such, EVERFLOW'S subpoena for JAMEL'S bank records is

7  unnecessary to prove the parties claims or defenses and should be quashed.

8  **D.    THE COURT SHOULD ORDER EVERFLOW TO PAY JAMEL THE REASONABLE COSTS OF BRINGING THIS MOTION**

9

10  Pursuant to Federal Rule of Civil Procedure 45(c)((1), a party or attorney responsible for

11  issuing and serving a subpoena must take reasonable steps to avoid imposing an undue burden on

12  a person subject to the subpoena.  Additionally, the issuing court must enforce this duty and

13  impose appropriate sanctions, such as reasonable attorney's fees, on a party or attorney who fails

14  to comply.  *See* Federal Rule of Civil Procedure 45(c)(1).

15  As discussed above, EVERFLOW'S subpoena places an undue burden on JAMEL.  As

16  such, EVERFLOW should be ordered to pay JAMEL $2,560.50, which is the reasonable cost of

17  bringing this motion.  (*See* Martin Decl. ¶ 6)

18  ### III.    CONCLUSION

19  Based on the foregoing reasons, JAMEL requests this Court to quash EVERFLOW'S

20  subpoena to HERITAGE for the Bank Records of JAMEL.

21

22  Date:    August 13, 2008            RANDICK O'DEA & TOOLIATOS, LLP

23

24                        By:    _____/ s /_____
25                            Kevin R. Martin

26

27

28

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER QUASHING SUBPOENA AND EXPENSES OF MOTION
CASE NO.: C07-05795-JF (HRL)
178866.doc

**PROOF OF SERVICE BY ELECTRONIC FILING SYSTEM**

I, Christi Raimondi, declare:

I am employed in Alameda County, State of California, am over the age of eighteen years, and not a party to the within action. My business address is 5000 Hopyard Road, Suite 400, Pleasanton, California 94588. On the date set forth below, I served the within:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER QUASHING SUBPOENA AND FOR EXPENSES OF MOTION**

electronically to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark M. Fang, Esq.
Mark Fang Attorney at Law, APC
MFang@MarkFangAPC.com
Attorney for Plaintiff Everflow Technology Corporation

Mark Figueiredo, Esq.
Structure Law Group, LLC
mrf@structurelaw.com
Attorney for Defendant Millenium Electronics, Inc.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 13, 2008, at Pleasanton, California.

_____/ s /_____
Christi Raimondi