1  **Kevin R. Martin, SBN 176853**
   **RANDICK O'DEA & TOOLIATOS, LLP**
2  5000 Hopyard Road, Suite 400
   Pleasanton, California  94588
3  Telephone:     (925) 460-3700
   Facsimile:     (925) 460-0969
4  Email:         kmartin@randicklaw.com

5  Attorneys for Consumer
   Jamel Enterprises, LLC
6

7

8              **UNITED STATES DISTRICT COURT**

9        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                 **SAN JOSE DIVISION**

11
   EVERFLOW TECHNOLOGY              Case No.: C07-05795-JF (HRL)
12 CORPORATION, incorporated under
   the laws of the Republic of China   **DECLARATION OF KEVIN R. MARTIN IN**
13 (Taiwan),                            **SUPPORT OF MOTION FOR ORDER**
                                        **QUASHING SUBPOENA AND FOR**
14              Plaintiff,              **EXPENSES OF MOTION**

15 vs.                                  *F.R.C.P. 45(c)*

16 MILLENNIUM ELECTRONICS,             Date:        September 23, 2008
   INC., a California corporation,     Time:        10:00 a.m.
17                                      Magistrate:  Howard R. Lloyd
                Defendant.
18

19

20      I, Kevin R. Martin, do declare as follows:

21      1.      I am an attorney at law, duly admitted to practice in all the courts of the State of

22 California, including the United States District Court for the Northern District of California, and

23 am a partner in the law offices of Randick O'Dea & Tooliatos, LLP, attorneys of record in this

24 action, for the consumer, Jamel Enterprises, LLC (hereinafter "JAMEL").

25      2.      Plaintiff Everflow Technology Corporation's (hereinafter "EVERFLOW")

26 Complaint of record in this matter alleges breach of contract and common counts against

27 Defendant MILLENNIUM ELECTRONICS, INC. (hereinafter "MILLENNIUM").

28
                                                                                    1

1    3.    EVERFLOW alleges MILLENNIUM has failed to pay over $2 million dollars for

2    fans and other related equipment that EVERFLOW allegedly delivered to MILLENNIUM from

3    January of 2007 through October of 2007.

4    4.    On August 4, 2008, EVERFLOW served a subpoena for documents on Heritage

5    Bank of Commerce, Inc. (hereinafter "HERITAGE") for all records, relating to accounts held by

6    Jamel Enterprises, LLC (hereinafter "JAMEL"), including savings, checking, credit line,

7    certificates of deposit, loans and credit cards, account statements, records of wire transfers,

8    signature cards, powers of attorney, loan applications, credit card applications and records

9    relating to letters of credit (collectively referred to herein as "Bank Records") dated January 1,

10    2000 to the present.  A true and correct copy of the subpoena to HERITAGE is attached hereto

11    and incorporated herein by reference as **Exhibit A**.

12    5.    Attached hereto and incorporated herein by reference as **Exhibit B** is a true and

13    correct copy of Mark Fang's letter to HERITAGE identifying the time period for the documents

14    requested in EVERFLOW'S subpoena.

15    6.    My Senior Litigation Paralegal, Ms. Christi Raimondi, spent approximately 14.6

16    hours preparing this motion and the supporting documents, including reviewing the procedural

17    history and operative documents in this matter.  Ms. Raimondi's billing rate is $120.00 per hour,

18    totaling $1,752.00  I have spent an additional 1.2 hours reviewing and revising this motion and

19    supporting documents and I estimate that I will spend an additional 1.5 hours traveling to and

20    arguing this motion before the Court for total time of 2.7 hours; my billing rate is $285.00 per

21    hour, totaling $769.50.  In addition, JAMEL has incurred a filing fee of $39.00 to file this

22    motion.  Conservatively, the total billable time spent, and incurred by our clients, in bringing this

23    motion is at least $2,560.50.

24    I declare under penalty of perjury that the foregoing is true and correct.  Executed this

25    13th day of August  2008, in Pleasanton, California.

26    By:    _____/ s /_____
                Kevin R. Martin

27

28                                                                                                    2

---

DECLARATION OF KEVIN R. MARTIN IN SUPPORT OF
MOTION FOR ORDER QUASHING SUBPOENA AND FOR EXPENSES OF MOTION
CASE NO.: C07-05795-JF (HRL)
\\Fsprolaw\ProLawDocs\a0113.009\179031.doc

*10:50*
*end Pierce RecPKA*
*Victor Babe 1175*

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Northern District of California

EVERFLOW TECHNOLOGY CORPORATION                    **SUBPOENA IN A CIVIL CASE**

V.

MILLENNIUM ELECTRONICS, INC.

Case Number:[1]  C 07-05795 (HRLx)

TO:  Heritage Bank of Commerce, Inc.
     150 Almaden Blvd.
     San Jose, CA 95113

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See, "Attachment A".

| PLACE    Mark Fang Attorney at law APC<br>215 E. Daily Dr. Ste 9, Camarillo, CA 93010 | DATE AND TIME<br>8/13/2008 1:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE<br>7/31/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark Fang, Esq. 215 E. Daily Dr. Ste. 9, Camarillo, CA 93010      (805) 383-2788

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.


EXHIBIT
A

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

| DATE | SIGNATURE OF SERVER |
|---|---|

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Attachment A

Pursuant to Federal Rules 30(b)(6) and 45, Plaintiff Everflow Technology Corporation (hereinafter "Everflow"), requests that you produce copies of all responsive Documents to be sent to Mark Fang, Esq., at Mark Fang, Attorney At Law, APC, located at 215 E. Daily Drive, Suite 9, Camarillo, CA 93010, for receipt by August 13, 2008. However, if copies are sent by the designated date, Mark Fang, Attorney At Law, APC reserves the right to inspect the originals of any such copies.

# Definitions

1. Communication. The term "Communication" means the transmittal of information, in the form of facts, ideas, inquiries or otherwise.
2. Concerning. The term "Concerning" means relating to, referring to, describing, evidencing, or constituting.
3. Document. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34 (a), including, without limitation, all tangible things as well as all emails, writings and things recorded in electronic format, and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.
4. Identify. The term "Identify" unless otherwise expressly indicated, shall, with respect to persons, require full name, present business and residence address (or last-known residence and principal place of business), telephone number and present title or position; and shall, in the case of documents, mean to provide a description of each document sufficient to support a request for production and include at least the following:
   a.  the date of the document, or, if it does not have a date, the date of its preparation;
   b.  the name, residence and business address, telephone number, and business position or title of the person who authorized or prepared the document, and the person who signed it or under whose name the document was issued;
   c.  the name, residence, telephone number, business address and business portion of (a) each person to whom the document was addressed, (b) each person to whom the document was distributed, and (c) each person who presently is in possession, custody or control of the document; and

d,    a summary of the subject matter of such document with sufficient particularity to reveal and make understandable the subject matter and substance thereof.

# Instructions

1. In accordance with Federal Rule 45, all responsive Documents within Heritage Bank of Commerce, Inc., or any related corporate entity therein (a DBA or otherwise)'s possession, custody or control, shall be produced.

2. Each responsive document or portion thereof that Heritage Bank of Commerce, Inc., or any related corporate entity therein claim to be privileged against discovery on any ground shall be identified by providing:
   a. description of the general type of the document, i.e. letter, memo, report, miscellaneous note, etc.;
   b. the date the document was created;
   c. the author;
   d. all addressees, recipients, copyholders and other distributees;
   e. the organization, if any, with which each author, addressee, recipient, or distribute was then connected to and his or her job title or description;
   f. the number of pages of the document;
   g. a general summary of the subject mater; and
   h. the grounds for refusing to produce the Document or a portion thereof.

3. In the event that Heritage Bank of Commerce, Inc., or any related corporate entity therein claims that a certain request is overly broad, Heritage Bank of Commerce, Inc., or any related corporate entity therein is requested to respond to that portion of the request which is unobjectionable, and specifically to identify the respect in which the request is allegedly overly broad.

4. In the event that Heritage Bank of Commerce, Inc., or any related corporate entity therein claims that a certain request is unduly burdensome, Heritage Bank of Commerce, Inc., or any related corporate entity therein is requested to respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly unduly burdensome.

5. For purposes of these requests, terms not specifically defined shall be given their ordinary meaning as Heritage Bank of Commerce, Inc., or any related corporate entity therein understands them to be used in the industry.

6. The following rules of construction apply to all discovery requests:
   a. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as outside its scope.
   b. Singular/Plural. The use of the singular form of any word includes the plural and vice versa.

# Requests

In re: **Jamel Enterprises, L.L.C.**, 305 Vineyard Town Ctr # 391, Morgan Hill, CA

95037-5674, a customer of Heritage Bank of Commerce, Inc.:

1.    Any and all records relating to accounts held including, but not limited to,
      savings, checking, credit line, certificates of deposit, loans, and credit cards.
      This should include copies of checks, account statements, records of deposits
      and withdrawals.

2.    Any and all records of wire transfers to or from any account.

3.    Any and all signature cards, powers of attorney, loan applications, and credit
      card applications.

4.    Any and all records relating to letters of credit.

08/04/2008 MON 16:13  FAX 805 388 9488 Mark Fang Law Office APC                    ☒002/002

# MARK FANG
### ATTORNEY AT LAW
#### A Professional Corporation

Los Angeles County Office:                                        Ventura County Office:
215 North Marengo Avenue                                             215 E. Daily Drive
Third Floor                                                               Suite 9
Pasadena, CA 91101                                               Camarillo, CA 93010
Phone: (626) 304-9972                                             Phone: (805) 383-2788
Facsimile: (626) 628-3011                                      Facsimile : (805) 388-9488
E-Mail: MFang@MarkFangAPC.com                          E-Mail: MFang@MarkFangAPC.com

                                                                    Please Reply To :

                                                                    Ventura County Office

Via Facsimile Only  408-291-0205

August 4, 2008

Jackie Vello
Heritage Bank of Commerce
150 Almaden Blvd.
San Jose, CA  95113

RE:    Everflow Technology Corporation v. Millenium Electronics, Inc.
        U.S.District Court, Northern District of California, San Jose Division
        Case No.: C07 05795-JF

Dear Ms. Vello:

This will confirm our conversation this afternoon regarding the records subpoenas this office recently had served on your bank regarding Millennium Electronic, Inc., Millennium International, Loroco Sales, Inc., and Jamel Enterprises, L.L.C.. These subpoenas should be read to include all records dated January 1, 2000, to the present. However, even if dated prior to January 1, 2000, please do include "any and all signature cards, powers of attorney, loan applications, and credit card applications," and "records relating to letters of credit" as requested in the subpoena text.

We suspect the following individuals have signing privileges on one or more of the accounts: James Loro, Melva Loro, and Nadine Loro.

Please feel free to call should you have any comments or questions.

                                    Respectfully yours,

                                    MARK FANG, ATTORNEY AT LAW

MF:wgs





/04/2008 MON 16:13  FAX 805 388 9488  Mark Fang Law Office APC                    ☑001/002

# MARK FANG
## ATTORNEY AT LAW
A Professional Corporation

**Los Angeles County Office:**
215 North Marengo Avenue
Third Floor
Pasadena, CA 91101
Phone: (626) 304-9972
Facsimile: (626) 628-3011
E-Mail: MFang@MarkFangAPC.com

**Ventura County Office:**
215 E. Daily Drive
Suite 9
Camarillo, CA 93010
Phone: (805) 383-2788
Facsimile: (805) 388-9488
E-Mail: MFang@MarkFangAPC.com

Please Reply To:

Ventura County Office

## FACSIMILE TRANSMISSION COVER SHEET

**Date:**           August 4, 2008

**From:**           Sarah McEachern, Legal Assistant
                    Mark Fang, Attorney At Law

**To:**             Jackie Vello, Heritage Bank of Commerce

**Fax number:**     (408) 291-0205

**Pages:**          2  (including cover)

**Message:**        Please see attached.

**CONFIDENTIALITY NOTICE:** Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this facsimile message is attorney privileged and confidential information intended for the use of the individual entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone and return the original message to **MARK FANG, ATTORNEY AT LAW** at the above address via the U.S. Postal Service at our expense. Thank you.

## PROOF OF SERVICE BY ELECTRONIC FILING SYSTEM

I, Christi Raimondi, declare:

I am employed in Alameda County, State of California, am over the age of eighteen years, and not a party to the within action. My business address is 5000 Hopyard Road, Suite 400, Pleasanton, California 94588. On the date set forth below, I served the within:

**DECLARATION OF KEVIN R. MARTIN IN SUPPORT OF MOTION
FOR AN ORDER QUASHING SUBPOENA AND FOR EXPENSES OF MOTION**

electronically to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark M. Fang, Esq.
Mark Fang Attorney at Law, APC
MFang@MarkFangAPC.com
Attorney for Plaintiff Everflow Technology Corporation

Mark Figueiredo, Esq.
Structure Law Group, LLC
mrf@structurelaw.com
Attorney for Defendant Millenium Electronics, Inc.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 13, 2008, at Pleasanton, California.

/ s /
_____
Christi Raimondi