1  **Kevin R. Martin, SBN 176853**
   **RANDICK O'DEA & TOOLIATOS, LLP**
2  5000 Hopyard Road, Suite 400
   Pleasanton, California   94588
3  Telephone:    (925) 460-3700
   Facsimile:    (925) 460-0969
4  Email:        kmartin@randicklaw.com

5  Attorneys for Jamel Enterprises, LLC, Millennium International,
   Loroco Sales, Inc., James Loro, Melva Loro and Nadine Loro

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORPORATION, incorporated under the laws of the Republic of China (Taiwan),<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>MILLENNIUM ELECTRONICS, INC., a California corporation,<br><br>　　　　　　　　Defendant. | Case No.: C07-05795-JF (HRL)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER QUASHING SUBPOENA OR, IN THE ALTERNATIVE, A PROTECTIVE ORDER AND FOR EXPENSES OF MOTION**<br><br>Date:　　　　September 23, 2008<br>Time:　　　　10:00 a.m.<br>Magistrate:　Howard R. Lloyd |

### I.    FACTUAL BACKGROUND

Plaintiff Everflow Technology Corporation's (hereinafter "EVERFLOW") Complaint of record in this matter alleges breach of contract and common counts against Defendant MILLENNIUM ELECTRONICS, INC. (hereinafter "MILLENNIUM"). (Declaration of Kevin Martin "Martin Decl." ¶ 2)  EVERFLOW alleges MILLENNIUM has failed to pay over $2 million dollars for fans and other related equipment that EVERFLOW allegedly delivered to MILLENNIUM from January of 2007 through October of 2007. (Id. at ¶ 3)

On July 31, 2008, EVERFLOW served subpoenas for documents on County Bank, Inc.

1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER QUASHING SUBPOENA OR, IN THE ALTERNATIVE FOR A PROTECTIVE ORDER AND FOR EXPENSES OF MOTION
USDC ND CASE NO.: C07-05795-JF (HRL)

179194_2.doc

1  (hereinafter "COUNTY") for all records, relating to accounts held by Jamel Enterprises, LLC
2  (hereinafter "JAMEL"), Millennium International (hereinafter "MI"), and Loroco Sales, Inc.
3  (hereinafter "LOROCO"), James Loro, Melva Loro and Nadine Loro ("MOVING PARTIES")
4  including savings, checking, credit line, certificates of deposit, loans and credit cards, account
5  statements, records of wire transfers, signature cards, powers of attorney, loan applications,
6  credit card applications and records relating to letters of credit (collectively referred to herein as
7  "Bank Records").  (*See* Martin Decl. ¶ 4; Martin Decl. Exh. A)

8  **II.   ARGUMENT**

9  **A.   GOOD CAUSE EXISTS TO CONSIDER MOVING PARTIES' OBJECTIONS TO THE SUBPOENA BECAUSE THE MOVING PARTIES DID NOT RECEIVE**
10 **NOTICE OF THE SUBPOENA UNTIL AFTER A RESPONSE WAS DUE**

11     In unusual circumstances and for good cause, the failure to act timely will not bar
12 consideration of objections to a Rule 45 subpoena.  *See* McCoy v. Southwest Airlines Co., Inc.,
13 211 F.R.D. 381, 385 (C.D.Cal., 2002).  The court may consider untimely objections to an
14 subpoena duces tecum when the subpoena is overbroad on its face and exceeds the bounds of fair
15 discovery.  McCoy, 211 F.R.D. at 385; *See also* Federal Rule of Civil Procedure ("FRCP") 45..
16     Here, JAMEL, James Loro, Melva Loro, and Nadine Loro (collectively the "MOVING
17 PARTIES") did not receive notice of the subpoenas to COUNTY prior to EVERFLOW'S
18 service of the subpoena, or anytime before the required date for COUNTY'S production of the
19 Bank Records.  *See* FRCP 45(b)(1).  Thus, the MOVING PARTIES were not provided with
20 adequate notice to allow them to object or bring a motion to quash the subpoenas for Bank
21 Records which contain confidential financial information protected by their right to privacy.  As
22 soon as the MOVING PARTIES received notice of the subpoenas, they immediately filed this
23 motion.
24     Additionally, the subpoena is overbroad in that it includes documents that may be
25 protected by the privacy rights of the MOVING PARTIES in their confidential financial
26 information.  Furthermore, the subpoena does not seek relevant information "within the bounds
27 of fair discovery" because the Bank Records requested for JAMEL, MI, or LOROCO do not
28

2

belong to a party to this action. <u>McCoy</u>, 211 F.R.D. at 385.  Moreover, the subpoena is overbroad in that it does not specify a date range for the documents requested.  Therefore, the scope of documents responsive to the subpoena is limitless with regard to dates and far exceeds the reasonable bounds of fair discovery.

Based on the foregoing reasons, good cause exists to consider the objections of the MOVING PARTIES to the subpoena served by EVERFLOW on COUNTY for their Bank Records.

**B.  THE COURT SHOULD QUASH THE SUBPOENA BECAUSE EVERFLOW'S INTERESTS IN OBTAINING THE DOCUMENTS ARE FAR OUTWEIGHED BY THE MOVING PARTIES' PRIVACY RIGHTS**

Federal Rule of Civil Procedure 45(c)(3)(B)(i) provides that the court may grant a motion to quash a subpoena if it requires a party to disclose trade secret or other confidential research, development, or commercial information.  In a federal action based on diversity jurisdiction, state law governs privilege claims.  <u>McCoy</u>, at 386; *See also* Fed.R.Evid. 501; *citing* <u>Star Editorial, Inc. v. United States District Court for the Central District of California (Dangerfield)</u>, 7 F.3d 856, 859 (9th Cir.1993); *also citing* <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 284 (C.D.Cal.1998).  However, the analysis involved in application of the federal discovery abuse protections overlaps to a degree with the privacy privilege balancing under California law, although California privacy protections are somewhat stronger, and may apply despite mere discovery relevance.  <u>Davis v. Leal</u>, 43 F.Supp.2d 1102, 1110 (E.D.Cal.,1999); Cal. Const. Art. 1, § 1; FRCP 26(b)(1); 28 U.S.C.A.

The burden to demonstrate the validity, or conversely, the invalidity of the privacy privilege under California law is hybrid: where there is no doubt that the information requested implicates traditional notions of what is private information, the burden is on the requesting party to demonstrate that the information is directly relevant to the case, and that the information needs of the case outweigh the need for non-disclosure.  <u>Davis</u>, at 1110.  The concept of privacy under the California Constitution is extended to financial privacy in litigation.  <u>Id</u>.; Cal. Const. Art. 1, § 1. The court utilizes the term "financial privacy" broadly and encompasses within that term not

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER QUASHING SUBPOENA OR, IN THE ALTERNATIVE FOR A PROTECTIVE ORDER AND FOR EXPENSES OF MOTION
USDC ND CASE NO.: C07-05795-JF (HRL)

179194_2.doc

1 only bank records, but also documents generated in one's business affairs, e.g., contracts,
2 business records and the like that have not received widespread dissemination, or have not been
3 publicly filed. Id. at 1111.

4     Here, the Bank Records requested by EVERFLOW contain confidential financial and tax
5 information belonging to the LOROS individually.  The LOROS submitted their tax returns, and
6 other financial evidence as their individual security for some of the loans that JAMEL, MI and
7 LOROCO applied for at COUNTY.  In addition to the individual privacy rights of the LOROS in
8 their financial information, the Bank Records of JAMEL, MI, and LOROCO have not been
9 widely disseminated and disclosure of such business affairs would intrude upon the privacy
10 rights of the businesses.

11     These records are clearly covered by the privacy privilege under California law and
12 therefore, EVERFLOW bears the burden of demonstrating that the information is directly
13 relevant to the case and that the information needs of the case outweigh the need for non-
14 disclosure. EVERFLOW has not pled any facts in its Complaint to support its request for
15 confidential Bank Records of an unrelated third-party.  Moreover, there are certainly less
16 invasive means for EVERFLOW to discover what, if any, connection there is between
17 MILLENNIUM and JAMEL, MI, and/or LOROCO. Thus, a balancing test of the interests of
18 EVERFLOW, if any, in obtaining the Bank Records is far outweighed by the privacy interests of
19 the MOVING PARTIES.

20 **C.   THE SUBPOENA REQUESTS DOCUMENTS THAT ARE IRRELEVANT TO THE CLAIMS OR DEFENSES OF THE PARTIES**
21

22     Although irrelevance is not among the enumerated reasons for quashing a subpoena
23 under Rule 45(c)(3), federal courts have incorporated relevance as a factor to be considered
24 when ruling on motions to quash. Moon, 232 F.R.D. at 637; *See also* Goodyear Tire & Rubber
25 Co. v. Kirk's Tire & Auto Servicenter, 211 F.R.D. 658, 662 (D.Kan. 2003); Travelers, 228
26 F.R.D. at 113; United States v. IBM, 83 F.R.D. 97, 104 (S.D.N.Y. 1979).
27     As discussed above, EVERFLOW'S complaint includes causes of action for breach of
28

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER QUASHING SUBPOENA OR, IN THE ALTERNATIVE FOR A PROTECTIVE ORDER AND FOR EXPENSES OF MOTION
USDC ND CASE NO.: C07-05795-JF (HRL)

179194_2.doc

contract and common counts arising out of MILLENNIUM'S alleged failure to pay for goods received.  Neither JAMEL, MI, nor LOROCO entered into any contracts with EVERFLOW, and are not named as parties in this action.  Moreover, neither JAMEL, MI, nor LOROCO are obligated to compensate EVERFLOW for any of the contract damages it allegedly incurred. EVERFLOW seeks to recover damages from MILLENNIUM, which bears no correlation to the Bank Records of JAMEL, MI, or LOROCO.  Any financial information regarding MILLENNIUM, if relevant in this matter, should be obtained directly from MILLENNIUM. Therefore, the Bank Records of JAMEL, MI, and LOROCO are irrelevant and unnecessary to prove or defend the claims in EVERFLOW'S Complaint and the subpoena should be quashed.

EVERFLOW'S subpoena is an arbitrary fishing expedition and places an undue burden on JAMEL, MI, and LOROCO to disclose confidential Bank Records without any enumerated purpose.  As such, the MOVING PARTIES' motion to quash EVERFLOW'S subpoena should be granted.

**D.   IF THE MOTION TO QUASH IS DENIED, THE COURT SHOULD GRANT A PROTECTIVE ORDER LIMITING THE DOCUMENTS AND INFORMATION DISCOVERABLE BY EVERFLOW**

Under California law, even where the balance weighs in favor of disclosure of private information, the scope of disclosure will be narrowly circumscribed; such an invasion of the right to privacy must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit.  <u>Davis</u>, at 1110; Cal. Const. Art. 1, § 1.

Here, the documents subpoenaed by EVERFLOW contain confidential financial documents and information for the LOROS, such as tax returns, social security numbers, income statements, and disclosures of assets.  In the interests of fairness, if the court denies the motion to quash the subpoena, the court should issue a protective order that would narrow the scope of disclosure to limit any invasion of the MOVING PARTIES' rights to privacy.

**E.   THE COURT SHOULD ORDER EVERFLOW TO PAY MOVING PARTIES THE REASONABLE COSTS OF BRINGING THIS MOTION**

A party or attorney responsible for issuing and serving a subpoena must take reasonable

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER QUASHING SUBPOENA OR, IN THE ALTERNATIVE FOR A PROTECTIVE ORDER AND FOR EXPENSES OF MOTION
USDC ND CASE NO.: C07-05795-JF (HRL)

179194_2.doc

steps to avoid imposing an undue burden on a person subject to the subpoena. Additionally, the issuing court must enforce this duty and impose appropriate sanctions, such as reasonable attorney's fees, on a party or attorney who fails to comply. FRCP 45(c)(1). Moreover, if the court decides that the attorney or party who propounded the discovery acted without substantial justification for the request, the court may impose sanctions. California Code of Civil Procedure ¶ 2017.020.

For the reasons discussed above, EVERFLOW'S subpoena lacks substantial justification and places an undue burden on the MOVING PARTIES. As such, EVERFLOW should be ordered to pay the MOVING PARTIES $1,669.50, which is the reasonable cost of bringing this motion. (*See* Martin Decl. ¶ 5)

### III.    CONCLUSION

Based on the foregoing reasons, the MOVING PARTIES request this Court to quash EVERFLOW'S subpoena to COUNTY for the Bank Records of JAMEL, MI, and LOROCO, or in the alternative, grant a protective order limiting the scope of disclosure to the extent necessary to limit any invasion of MOVING PARTIES' privacy rights..

Respectfully Submitted,

Date:   August 15, 2008         RANDICK O'DEA & TOOLIATOS, LLP


By:    /s/
        Kevin R. Martin

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER QUASHING SUBPOENA OR, IN THE ALTERNATIVE FOR A PROTECTIVE ORDER AND FOR EXPENSES OF MOTION
USDC ND CASE NO.: C07-05795-JF (HRL)

179194_2.doc