## Declaration of Mark Fang in Support of Opposition

I, Mark Fang, declare as follows:

1. I am an attorney at law admitted to practice before all the courts of the state of California and am counsel of record for Everflow Technology Corporation.

2. EVEFLOW obtained a Writ of Attachment in this matter. To date, despite multiple levies, the Writ has secured less than $900.

3. EVERFLOW subpoenaed MEI bank records from Heritage Bank of Commerce, Inc., and County Bank, Inc.. Attached as **Exhibit 1** are true and correct copies of Heritage records reflecting wire transfers out of MEI's account to James Loro personally between June 19, 2007, and August 29, 2007, in the amounts of $136,396.75, $200,000.00 and $202,885.16, totaling $539,281.91.

These records also reflect wire transfers out of MEI's account to Peralta Investment Group (variously "PI", "PIG", "PERALTA") between October 29, 2007, and February 7, 2008, in the amounts of $200,000.00, $100,000.00, $100,000.00, $100,000.00, $100,000.00, $200,000.00, and $21,031.33, totaling $ 821,031.33.

4. Attached as **Exhibit 2** is a true and correct copy of the proposed First Amended Complaint that EVERFLOW is concurrently filing with the Court to add claims for Fraud, Alter Ego, Unfair Competition, and Fraudulent Transfer.

5. Attached as **Exhibit 3** are true and correct excerpts of the Interrogatory (Interrogatories 65 and 66) propounded to MEI and the response admitting that James Loro and Melva Loro are the sole shareholders, officer, and directors of MEI.

6. Attached as **Exhibit 4** are true and correct copies of the Statements of Information filed by JAMEL with the California Secretary of State. EVERFLOW has on order certified copies of these records, and of those set out below, and will substitute in the certified copies once received.

7. Attached as **Exhibit 5** are true and correct copies of the web pages from the Santa Clara County Recorder's office showing that both MEI and James Loro, at different times, registered for the use of the name "MEI International". EVERFLOW has on order certified copies of these records, and of those set out below, and will substitute in the certified copies once received.

8. Attached as **Exhibit 6** is a true and correct excerpt from the December 31, 2005, Millennium Electronics, Inc., Consolidated Financial Statements (Bates stamp pages 1035 and 1040) served on EVERFLOW by MEI in response to a request for production of documents.

9. Attached as **Exhibit 7** are true and correct copies of the Statement of Information filed by LOROCO with the Secretary of State on January 11, 2007, and the Certificate of Dissolution filed by LOROCO with the California Secretary of State on December 19, 2007. EVERFLOW has on order certified copies of these records, and of those set out below, and will substitute in the certified copies once received.

10. Attached as **Exhibit 8** are true and correct copies of the Statements of Information filed by MEI with the California Secretary of State. EVERFLOW has on order certified copies of these records, and of those set out below, and will substitute in the certified copies once received.

11. Attached as **Exhibit 9** is a true and correct copy of two Peralta Investment Group, LLC, checks signed by James Loro and Melva Loro produced in this matter by Heritage Bank in response to the subpoena for MEI records.

12. In August, 2008 shortly after the subpoenas were served upon Mark Figueiredo, Mark Figueiredo, Esq., counsel for MEI in this matter, called the undersigned. During the conversation, Mr. Figueiredo asked about the purpose of the EVERFLOW subpoenas addressed to the two banks for records relating to the Moving parties. The conversation was cordial and informational. At no time did Mr. Figueiredo mention that the subpoenas were improperly noticed, nor did he make objection to the subpoenas.

13. On August 21, 2008, this office re-served the disputed subpoenas with a continued production date of August 29, 2008, and with notice to the Moving Parties. Attached as **Exhibit 10** are true and correct copies of the proofs of service.

14. Attached as **Exhibit 11** is the certified copy of the Fictitious Business Name Statement MEI's counsel filed on behalf of JAMEL with the Santa Clara County Recorder's office on July 26, 2007, allowing JAMEL to operate using the confusingly similar name "Millennium Advanced Solutions."

15. The Heritage Bank records contain nearly $1,300,000 in additional outgoing wire transfers to unidentified recipients that occurred in the first part of 2007.

16. On August 27, 2008, I wrote Mr. Martin, counsel for the Moving Parties, and offered to enter into a protective order to address his concerns about confidentiality and privacy. Attached as **Exhibit 12** is a true and correct copy of that letter. To date, I have not received a response to that offer.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct and if sworn as a witness I could competently testify to the facts stated herein.

Dated: September 2, 2008



_____
Mark Fang