Exhibit 1

```
HERITAGE BANK OF COMMERCE          015 00001 01              PAGE:    3
150 ALMADEN BOULEVARD              ACCOUNT:        1566967  06/29/2007
SAN JOSE CA 95113-2010
```

MILLENNIUM ELECTRONICS INC

```
===============================================================================
                    BUSINESS CHECKING ACCOUNT 1566967
===============================================================================
               - - - - - - - OTHER DEBITS - - - - - - - -
DESCRIPTION                                                 DATE      AMOUNT
WIRE/OUT-200717000210;BNF XINRUILIAN SCIENCE AND TECHNOLOGY 06/19      852.60
   C;OBI SWIFT CODE: FC
WIRE/OUT-200717000212;BNF PROSUN COMPONENT CORP.;OBI SWIFT  06/19    4,200.00
   CODE: FCBKTWTP155
WIRE/OUT-200717000216;BNF METAGROUP TECHNOLOGY INC;OBI SWIFT06/19    5,280.00
   CODE#: HNBKHKHH
WIRE/OUT-200717000218;BNF ADDA CORPORATION;OBI SWIFT CODE:  06/19    5,340.00
   TPBKTWTP600
WIRE/OUT-200717000214;BNF NTK TECHNOLOGIES (HK) LIMITED;OBI 06/19    8,127.60
   SWIFT CODE: NYCBHKHH
WIRE/OUT-200717000202;BNF JAMES E LORO                      06/19    8,140.41
WIRE/OUT-200717000220;BNF FIRST ELECTRONIC PARTS CO LTD;OBI 06/19    9,826.60
   SWIFT CODE: CZNBKRSE
WIRE/OUT-200717000222;BNF POWER STAR ELECTRONICS CO LTD;OBI 06/19   17,000.00
   SWIFT CODE: ABOCCNBJ
WIRE/OUT-200717000224;BNF JAMES E LORO                      06/19  136,396.75
   TRE/OUT-200717100234;BNF WILEY ENGINEERING LLC.          06/20    6,025.38
ADP TX/FINCL SVC ADP - TAX EGSHL 061925A01                  06/20   13,724.71
ADP TX/FINCL SVC ADP - TAX 360011527098SHL                  06/20   19,137.52
WIRE/OUT-200717100201;BNF HELMS-MAN INDUSTRIAL CO LTD;OBI   06/20   20,984.73
   SWIFT CODE#: HASEHKHH
WIRE/OUT-200717200010;BNF AMPLE TOP INTERNATIONAL           06/21      427.68
   LIMITED;OBI SWIFT CODE: SCSBTW
WIRE/OUT-200717200012;BNF MALICO INC.;OBI SWIFT CODE:       06/21    3,000.00
   SCSBTWTP054
ADP PAYROLL FEES ADP - FEES 13SHL 4573199                   06/27       55.51
ANALYSIS CHARGE                                             06/29      180.62

               - - - - - - - - DAILY BALANCE - - - - - - - -
DATE..........BALANCE      DATE..........BALANCE      DATE..........BALANCE
06/01     104,135.91       06/12     433,929.44       06/21     146,621.73
06/04     140,494.36       06/13     438,924.57       06/22     138,100.41
06/05     127,200.96       06/14     475,611.21       06/25     169,102.45
06/06      92,592.58       06/15     474,401.78       06/26     165,856.63
06/07      88,530.84       06/18     340,701.54       06/27     206,875.46
06/08      86,892.98       06/19     144,238.84       06/28     218,942.62
06/11      80,123.36       06/20     147,492.71       06/29     218,762.00
```

Exh 1-1

```
HERITAGE BANK OF COMMERCE          015 00001 01              PAGE:    3
150 ALMADEN BOULEVARD              ACCOUNT:        1566967  08/31/2007
SAN JOSE CA 95113-2010
```

MILLENNIUM ELECTRONICS INC

```
==================================================================
                 BUSINESS CHECKING ACCOUNT 1566967
==================================================================
              - - - - - - - - OTHER DEBITS - - - - - - - -
DESCRIPTION                                        DATE        AMOUNT
WIRE/OUT-200721400306;BNF FUJIKURA AMERICA INC.;OBI SWIFT   08/02   15,840.00
   CODE: PNBPUS33
AMERICAN EXPRESS COLLECTION 5048547053             08/03          5.95
WIRE/OUT-200721500044;BNF JAMES E LORO             08/03      2,000.00
WIRE/OUT-200721500043;BNF WILEY ENGINEERING LLC.   08/03      3,000.00
ADP TX/FINCL SVC ADP - TAX EGSHL 080331A01         08/06      4,918.54
ADP TX/FINCL SVC ADP - TAX 544011535552SHL         08/06     17,918.66
WIRE/OUT-200722000193;BNF SAMPRO INDUSTRY CO LTD.;OBI SWIFT 08/08   76,533.25
   CODE: CTCBHKHH
WIRE/OUT-200722100181;BNF FUJIKURA AMERICA INC.;OBI SWIFT   08/09   52,668.00
   CODE: PNBPUS33
WIRE/OUT-200722500232;BNF EVERMODULE TECHNOLOGY CORP.;OBI   08/13  111,283.20
   SWIFT CODE: LBOTTWTP11
ADP PAYROLL FEES ADP - FEES 13SHL 6414894          08/15         57.96
ADP TX/FINCL SVC ADP - TAX EGSHL 081633A01         08/20      4,902.76
ADP TX/FINCL SVC ADP - TAX 533007662132SHL         08/20     17,382.19
 IRE/OUT-200723300218;BNF WILEY ENGINEERING LLC.   08/21      3,519.40
WIRE/OUT-200723300223;BNF DELPHI TAIWAN LTD;OBI SWIFT CODE: 08/21   5,000.00
   CITITWTX
WIRE/OUT-200723300230;BNF METAGROUP TECHNOLOGY INC;OBI SWIFT08/21   5,612.88
   CODE#: HNBKHKHH
WIRE/OUT-200723300222;BNF ACT-RX TECHNOLOGY CORP.;OBI SWIFT 08/21   6,596.80
   CODE#: SINOTWTP
WIRE/OUT-200723300235;BNF XINRUILIAN SCIENCE AND TECHNOLOGY 08/21   8,114.20
   C;OBI SWIFT CODE: FC
WIRE/OUT-200723300232;BNF FIRST ELECTRONIC PARTS CO LTD;OBI 08/21   8,776.80
   SWIFT CODE: CZNBKRSE
WIRE/OUT-200723300228;BNF NTK TECHNOLOGIES (HK) LIMITED;OBI 08/21  17,737.97
   SWIFT CODE: NYCBHKHH
WIRE/OUT-200723300226;BNF POWER STAR ELECTRONICS CO LTD;OBI 08/21  34,000.00
   SWIFT CODE: ABOCCNBJ
WIRE/OUT-200723300220;BNF EVERMODULE TECHNOLOGY CORP.;OBI   08/21  62,078.40
   SWIFT CODE: LBOTTWTP11
WIRE/OUT-200723300216;BNF JAMES E LORO             08/21    200,000.00
ADP PAYROLL FEES ADP - FEES 13SHL 6998877          08/29         53.87
WIRE/OUT-200724100034;BNF P AND H INTERNATIONAL;OBI SWIFT   08/29     760.00
   CODE#: BKCHHKHHXXX
WIRE/OUT-200724100032;BNF ACT-RX TECHNOLOGY CORP.;OBI SWIFT 08/29   7,638.40
   CODE#: SINOTWTP
WIRE/OUT-200724100033;BNF JAMES E LORO             08/29    202,885.16
WIRE/OUT-200724200264;BNF METAGROUP TECHNOLOGY INC;OBI SWIFT08/30  42,735.00
   CODE#: HNBKHKHH
                     * * * C O N T I N U E D * * *
```

```
HERITAGE BANK OF COMMERCE          015 00031 01              PAGE:     3
18625 SUTTER BOULEVARD            ACCOUNT:           1566967  10/31/2007
MORGAN HILL CA  95037-2862
```

MILLENNIUM ELECTRONICS INC

```
================================================================================
                      BUSINESS CHECKING ACCOUNT 1566967
================================================================================
              - - - - - - - - OTHER DEBITS - - - - - - - -
DESCRIPTION                                         DATE        AMOUNT
ADP PAYROLL FEES ADP - FEES 13SHL 2341446           10/24        52.22
WIRE/OUT-200730200029;BNF PERALTA INVESTMENT GROUP LLC  10/29  200,000.00
```

```
              - - - - - - - - DAILY BALANCE - - - - - - - -
DATE..........BALANCE      DATE..........BALANCE      DATE..........BALANCE
10/02    274,893.27       10/11    441,823.23       10/23    418,608.20
10/03    337,268.12       10/12    604,666.03       10/24    408,821.46
10/04    357,082.88       10/15    542,502.66       10/25    441,298.81
10/05    361,165.68       10/18    456,615.49       10/26    440,603.81
10/09    399,703.34       10/19    427,080.88       10/29    239,503.81
10/10    399,708.34       10/22    422,754.07       10/31    246,682.81
```

HERITAGE BANK OF COMMERCE          015 00031 01              PAGE:    2
18625 SUTTER BOULEVARD             ACCOUNT:          1566967 11/30/2007
MORGAN HILL CA  95037-2862


                    MILLENNIUM ELECTRONICS INC

==============================================================================
                    BUSINESS CHECKING ACCOUNT 1566967
==============================================================================
            - - - - - - - - OTHER CREDITS - - - - - - - -
DESCRIPTION                                              DATE        AMOUNT
WIRE/IN-200732300037;ORG HON HAI PRECISION IND. CO. ,   11/19     42,180.00
    LTD.;OBI 0018293-IN LESS C
WIRE/IN-200732400282;ORG FLEXTRONICS LATINAMERICA;REF WIRE 11/20  17,017.17
    TRANSFER
WIRE/IN-200732500078;ORG ATI TECHNOLOGIES ULC;OBI      11/21      4,382.00
    /INV/0018295-IN;REF TT IBD4808
LOAN ADVANCE                                            11/23     20,600.00
LOAN ADVANCE                                            11/28      8,071.20


            - - - - - - - - - CHECKS - - - - - - - - - -
CHECK #..DATE......AMOUNT  CHECK #..DATE......AMOUNT  CHECK #..DATE......AMOUNT
      *11/21    1,391.25   6947 11/21    630.21   6958 11/23       33.58
      *11/23      198.00   6948 11/21     97.01   6959 11/21       88.68
  6913*11/20      675.18   6949 11/23    400.00   6960 11/19    4,973.49
  6930*11/26      100.00   6950 11/26     42.00   6961*11/21      190.84
  6936*11/02      180.00   6951 11/20    333.40   6963 11/21      520.00
  6942 11/23    3,168.05   6952 11/20     73.53   6964 11/26      100.00
  6943 11/21       68.19   6953 11/27     50.00   6965 11/19    9,550.00
  6944 11/20       85.14   6954 11/23    162.38   6966 11/20      194.06
  6945 11/23    3,743.62   6955 11/20    299.40   6967 11/20      614.16
  6946 11/21    1,497.29   6956*11/19     10.47

(*) INDICATES A GAP IN CHECK NUMBER SEQUENCE

            - - - - - - - - - OTHER DEBITS - - - - - - - -
DESCRIPTION                                              DATE        AMOUNT
HRTLAND PMT SYS MC/V DISC 650000000528904              11/01         30.00
WIRE/OUT-200730500339;BNF PI GROUP LLC                 11/01     100,000.00
ADP TX/FINCL SVC ADP - TAX EGSHL 110244A01             11/05      1,164.58
ADP TX/FINCL SVC ADP - TAX 355013616093SHL             11/05      4,681.19
AMERICAN EXPRESS COLLECTION 5048547053                 11/06          5.95
WIRE/OUT-200731200039;BNF NTK TECHNOLOGIES (HK) LIMITED;OBI 11/08 2,938.49
    SWIFT CODE: NYCBHKHH
WIRE/OUT-200731200041;BNF WEM TECHNOLOGY INC.;OBI SWIFT 11/08     3,480.00
    CODE: SINOTWTP
WIRE/OUT-200731200038;BNF PROSUN COMPONENT CORP.;OBI SWIFT 11/08  4,200.00
    CODE: FCBKTWTP155
WIRE/OUT-200731200036;BNF DELPHI TAIWAN LTD;OBI SWIFT CODE: 11/08 8,268.00
    CITITWTX
WIRE/OUT-200731200035;BNF FIRST ELECTRONIC PARTS CO LTD;OBI 11/08 8,706.00
    SWIFT CODE: CZNBKRSE
WIRE/OUT-200731200040;BNF ACT-RX TECHNOLOGY CORP.;OBI SWIFT 11/08 14,122.40
    CODE#: SINOTWTP
WIRE/OUT-200731200037;BNF SAMPRO INDUSTRY CO LTD.;OBI SWIFT 11/08 40,641.03
    CODE: CTCBHKHH
                    * * * C O N T I N U E D * * *

1-4

HERITAGE BANK OF COMMERCE          015 00031 01              PAGE:    3
18625 SUTTER BOULEVARD             ACCOUNT:          1566967  11/30/2007
MORGAN HILL CA  95037-2862


             MILLENNIUM ELECTRONICS INC

============================================================================
                  BUSINESS CHECKING ACCOUNT 1566967
============================================================================
           - - - - - - - - OTHER DEBITS - - - - - - - -
DESCRIPTION                                          DATE          AMOUNT
WIRE/OUT-200731200042;BNF PI GROUP LLC               11/08      100,000.00
ADP PAYROLL FEES ADP - FEES 13SHL 3202361            11/15           50.57
ADP TX/FINCL SVC ADP - TAX EGSHL 112047A01           11/21          178.70
ADP TX/FINCL SVC ADP - TAX 417507525008SHL           11/21        5,759.71
WIRE/OUT-200732700234;BNF PERALTA INVESTMENT GROUP   11/23      100,000.00
WIRE/OUT-200733100035;BNF SAMPRO INDUSTRY CO LTD.;OBI SWIFT 11/27   56,073.39
     CODE: CTCBHKHH
WIRE/OUT-200733100034;BNF PI GROUP LLC               11/27      100,000.00
ADP PAYROLL FEES ADP - FEES 13SHL 3753704            11/28           50.57
ANALYSIS CHARGE                                      11/30          199.64

           - - - - - - - DAILY BALANCE - - - - - - -
DATE..........BALANCE        DATE..........BALANCE        DATE..........BALANCE
11/01     148,827.21         11/09     134,537.14         11/21     301,955.25
11/02     205,367.50         11/13     134,542.14         11/23     214,849.62
11/05     199,521.73         11/15     134,491.57         11/26     214,607.62
11/06     199,515.78         11/16     260,753.39         11/27      58,484.23
11/07     216,701.76         11/19     293,252.83         11/28      66,504.86
11/08      34,345.84         11/20     307,995.13         11/30      66,305.22

                              1-5

```
HERITAGE BANK OF COMMERCE        015 00031 01              PAGE:    2
18625 SUTTER BOULEVARD           ACCOUNT:       1566967  12/31/2007
MORGAN HILL CA  95037-2862
```

MILLENNIUM ELECTRONICS INC

===============================================================================
BUSINESS CHECKING ACCOUNT 1566967
===============================================================================
- - - - - - - OTHER DEBITS - - - - - - -

| DESCRIPTION | DATE | AMOUNT |
|---|---|---|
| HRTLAND PMT SYS MC/V DISC 650000000528904 | 12/03 | 30.00 |
| AMERICAN EXPRESS COLLECTION 5048547053 | 12/04 | 5.95 |
| ADP TX/FINCL SVC ADP - TAX EGSHL 120549A01 | 12/05 | 188.08 |
| ADP TX/FINCL SVC ADP - TAX 653012493676SHL | 12/05 | 6,079.16 |
| ADP PAYROLL FEES ADP - FEES 13SHL 4260861 | 12/12 | 53.02 |
| ADP TX/FINCL SVC ADP - TAX EGSHL 122051A01 | 12/20 | 161.60 |
| ADP TX/FINCL SVC ADP - TAX 315005881913SHL | 12/20 | 5,179.20 |
| WIRE/OUT-200735500306;BNF PI GROUP LLC | 12/21 | 200,000.00 |
| WIRE/OUT-200736000032;BNF NTK TECHNOLOGIES (HK) LIMITED;OBI | 12/26 | 3,174.45 |
|    SWIFT CODE: NYCBHKHH | | |
| WIRE/OUT-200736000030;BNF ACT-RX TECHNOLOGY CORP.;OBI SWIFT | 12/26 | 7,620.00 |
|    CODE#: SINOTWTP | | |
| WIRE/OUT-200736000031;BNF FIRST ELECTRONIC PARTS CO LTD;OBI | 12/26 | 7,686.40 |
|    SWIFT CODE: CZNBKRSE | | |
| WIRE/OUT-200736000034;BNF SIMPLO TECHNOLOGY CO LTD;OBI SWIFT | 12/26 | 42,486.00 |
|    CODE: SINOTWTP | | |
| WIRE/OUT-200736000033;BNF SAMPRO INDUSTRY CO LTD.;OBI SWIFT | 12/26 | 58,859.01 |
|    CODE: CTCBHKHH | | |
| ADP PAYROLL FEES ADP - FEES 13SHL 4864727 | 12/27 | 48.12 |
| ANALYSIS CHARGE | 12/31 | 124.56 |

- - - - - - - DAILY BALANCE - - - - - - -

| DATE..........BALANCE | DATE..........BALANCE | DATE..........BALANCE |
|---|---|---|
| 12/03    66,275.22 | 12/13   119,203.47 | 12/21   151,952.77 |
| 12/04    73,664.63 | 12/14   118,611.02 | 12/26    32,126.91 |
| 12/05    66,971.09 | 12/17   103,120.72 | 12/27    34,389.39 |
| 12/10    61,371.09 | 12/18   327,607.53 | 12/28    34,093.94 |
| 12/11    60,260.89 | 12/19   325,419.43 | 12/31    33,869.38 |
| 12/12    60,207.87 | 12/20   320,078.63 | |

1-6

HERITAGE BANK OF COMMERCE        015 00031 01                    PAGE:    2
18625 SUTTER BOULEVARD           ACCOUNT:            1566967  02/29/2008
MORGAN HILL CA  95037-2862


MILLENNIUM ELECTRONICS INC

```
================================================================================
                    BUSINESS CHECKING ACCOUNT 1566967
================================================================================
            - - - - - - - - OTHER DEBITS - - - - - - - -
DESCRIPTION                                                DATE       AMOUNT
HRTLAND PMT SYS MC/V DISC 650000000528904                 02/01        80.00
AMERICAN EXPRESS COLLECTION 5048547053                    02/04         5.95
WIRE/OUT-200803800246;BNF STRATEGIC FINANCIALS , LLC      02/07     4,372.50
WIRE/OUT-200803800243;BNF PI GROUP LLC                    02/07    21,031.33
ADP TX/FINCL SVC ADP - TAX EGSHL 022007A01                02/22     4,507.96
WIRE/OUT-200805600294;BNF FLASH ELECTRONICS (SUZHOU) CO   02/25     8,863.80
   LTD;OBI SWITF CODE: PCBC
ADP PAYROLL FEES ADP - FEES 13SHL 8165365                 02/27        39.32
ANALYSIS CHARGE                                           02/29       217.07
```

```
            - - - - - - - DAILY BALANCE - - - - - - -
DATE..........BALANCE    DATE..........BALANCE    DATE..........BALANCE
02/01      38,100.91     02/08       1,412.30     02/25       1,110.48
02/04      36,951.73     02/11       1,195.48     02/27       1,071.16
02/05      34,390.43     02/20      10,059.28     02/29         854.09
02/06      21,817.02     02/21       9,959.28
 2/07      16,944.82     02/22       5,451.32
```

Exhibit 2

1   MARK FANG, ATTORNEY AT LAW, APC
    Mark Fang, Esq.; SBN 199073
2   MFang@markfangapc.com
    William G. Short, Esq.; SBN 132479
3   BShort@markfangapc.com
    215 East Daily Dr., Suite 9
4   Camarillo, CA 93010
    Telephone: (805) 383-2788
5   Facsimile: (805) 388-9488

6   Attorney for Plaintiff EVERFLOW
    TECHNOLOGY CORPORATION
7

8

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12  EVERFLOW TECHNOLOGY CORPORATION,       Case No.:  C07-05795-JF (HRL)
    incorporated under the laws of the Republic of
13  China (Taiwan),                        FIRST AMENDED COMPLAINT FOR
                                           BREACH OF CONTRACT, COMMON
14       Plaintiff,                        COUNTS, FRAUD, ALTER EGO,
                                           UNFAIR COMPETITION, AND
15  vs.                                    FRAUDULENT TRANSFER

16
    MILLENIUM ELECTRONICS, INC., a
17  California corporation; LOROCO SALES
    INCORPORATED, a California corporation;
18  JAMEL ENTERPRISES, LLC, a California
    limited liability company; JAMEL
19  ENTERPRISES, a California limited liability
    company dba MILLENIUM ADVANCED
20  SOLUTIONS; PERALTA INVESTMENT
    GROUP, LLC, form unknown; JAMES E.
21  LORO, MELVA LORO, and NADENE LORO
    SNAPP.
22

23
         Defendants.
24

25

26
                    **Jurisdiction, Venue and Parties**
27

28

    _____
                         1
              FIRST AMENDED COMPLAINT
                   Exh 2-1

1.      Jurisdiction is based upon diversity of citizenship under 28 *U.S.C.* § 1332 in that Plaintiff EVERFLOW TECHNOLOGY CORPORATION is a business entity incorporated under the laws of the Republic of China (Taiwan), having its principal place of business in the Republic of China (Taiwan), and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 (seventy five thousand dollars). Venue is proper in this Court and in the San Jose Division pursuant to 28 *U.S.C.* § 1391(a)(1) in that the Defendants  MILLENIUM ELECTRONICS, INC., is a California corporation with its principal place of business in the city of San Jose or Morgan Hill. LOROCO SALES INCORPORATED is a dissolved California corporation whose principal place of business was in the city of San Jose, California. JAMEL ENTERPRISES, LLC, is a California limited liability corporation with its principal place of business in the city of Morgan Hill, California. JAMEL ENTERPRISES, LLC, dba MILLENIUM ADVANCED SOLUTIONS, has its principal place of business in Morgan Hill, California. PERALTA INVESTMENT GROUP, LLC, business form unknown, appears to have its principal place of business in Morgan Hill, California.  JAMES E. LORO, MELVA LORO, and NADENE LORO SNAPP are, on information and belief, each residents of Santa Clara County, California.

### Intradistrict Assignment

2.    This action should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which give rise to this claim occurred in Santa Clara County.

### Parties

3.    Plaintiff EVERFLOW TECHNOLOGY CORPORATION (hereinafter "EVERFLOW" and "Plaintiff") has been, and now is, extensively engaged in the specialized business of manufacturing miniature cooling fans.  These fans are largely used by large computer manufacturers who, in turn, incorporate them into their computers which are then sold retail.  EVERFLOW's fans

1    are found in computer equipment sold, for example, by Sony, Samsung, Fujitsu, Hewlett Packard,

2    AMD, and other well known brands.

3      4.    Defendant MILLENIUM ELECTRONICS, INC. (hereinafter "MEI" and "Defendant"),

4    markets cooling systems directly to computer companies for incorporation into the individual

5    personal computer designs of those companies. MEI purchased EVERFLOW's fans for use as part

6    of MEI's cooling systems which MEI sold to computer manufacturers for incorporation into the final

7    assembly of personal computers units destined for sale to the public. MEI was and is a closely held

8    corporation owned and controlled by JAMES LORO and MELVA LORO during all times relevant

9    herein.

10      5.    Defendant LOROCO SALES INCORPORATED (hereinafter "LOROCO") was

11    dissolved since this litigation was filed. LOROCO was a wholly owned subsidiary of MEI, and

12    acted as its sales arm.

13      6.    Defendant JAMEL ENTERPRISES, LLC, (hereinafter "JAMEL"), is comprised of

14    members JAMES LORO, MELVA LORO, and NADENE LORO SNAPP, has been used as an

15    investment vehicle and, since approximately July 2007 through the fictitious business name

16    "Millenium Advanced Solutions," an entity to continue in the same business mold as MEI. Like

17    MEI, Millenium Advanced Solutions markets cooling systems directly to computer companies for

18    incorporation into the individual personal computer designs of those companies.

19      7.    Defendant PERALTA INVESTMENT GROUP, LLC (hereinafter "PERALTA") is, on

20    information and belief, an entity of unknown structure wholly owned and controlled by JAMES

21    LORO and MELVA LORO during the time relevant herein.

22      8.    Defendant JAMES E. LORO (hereinafter "J. LORO") was at all times relevant hereto

23    the Chief Executive Officer and Chief Financial Officer of MEI and LOROCO, one of two

24    shareholders of MEI, is the registered agent and, on information and belief, a member of JAMEL,

25    and has check signing privileges on behalf of PERALTA. On information and belief, J. LORO is the

26    husband of MELVA LORO.

27

28

1    9.    Defendant MELVA LORO (hereinafter "M. LORO") was at all times relevant hereto

2  the corporate Secretary of MEI and LOROCO, one of two shareholders of MEI, has been until July

3  2007 a member of JAMEL, and has check signing privileges on behalf of PERALTA.

4    10.    Defendant NADENE LORO SNAPP (hereinafter "N. LORO") is, since approximately

5  July 2007, a member of JAMEL.  On information and belief, N. LORO is the daughter of J. LORO

6  and M. LORO.

7    **Claim 1 - Breach of Contract (Common Law)**

8

9    11.    Since January 2005, at the special request of MEI, and in consideration of MEI's

10  promise to pay the purchase price as evidenced by purchase orders and invoices, EVERFLOW has

11  shipped and delivered the fans and related equipment described on the attached Exhibit A.

12    12.    EVERFLOW fully and in all things performed its part of the agreement described in

13  paragraph 4, in that on the various dates as reflected in Exhibit A, EVERFLOW delivered the goods

14  to MEI in the time and manner and at the place required by the agreement.

15    13.    Immediately following each delivery, EVERFLOW delivered in the regular course of

16  business an invoice to MEI in the various amounts as detailed in Exhibit A.

17    14.    In violation of its promises and obligations under the agreement described in paragraph

18  4, MEI wrongfully fails and refuses to make payment due for the goods. The total dollar value of

19  invoiced products for which MEI has not paid and owes is $2,040,562.96.

20

21    **Claim 2 - Common Count – Book Account (Common Law)**

22

23    15.    EVERFLOW incorporates herein the allegations of the preceding paragraphs.

24    16.    MEI became indebted to EVERFLOW within the last four years in the sum of

25  $2,040,562.96 for goods, wares, and merchandise sold and delivered to MEI at its special instance

26  and request and for which MEI agreed to pay the above sum.  A copy of this account is attached as

27  Exhibit A and made a part hereof.

28

17.    Neither the whole nor any part of the above sum has been paid although a demand therefore has been made, and there is now due, owing, and unpaid the sum of $2,040,562.96, with interest thereon at the legal rate of 10% per annum from the date of each invoice identified on Exhibit A, the earliest of which is dated January 7, 2005.

18.    Plaintiff has incurred attorney's fees in connection with this matter, in an amount to be determined at trial, which fees Plaintiff is entitled to recover from Defendant pursuant to Civil Code Section 1717.5.

## Claim 3 - Common Count – Account Stated (Common Law)

19.    EVERFLOW incorporates herein the allegations of the preceding paragraphs.

20.    At various times EVERFLOW personnel provided to MEI an account stated in writing by and between EVERFLOW and MEI, and on or about October 17, 2007 such statement provided to MEI showed a balance of $2,040,562.96 as due.  MEI at various times has agreed that it is indebted to Plaintiff.  A copy of the account is attached hereto as Exhibit A and made a part hereof.   Although demanded by Plaintiff from Defendant, neither all nor any part of the agreed balance has been paid.

21.    There is now due, owing, and unpaid the sum of $2,040,562.96, with interest thereon at the legal rate of 10% per annum from the date of each invoice identified on Exhibit A, the earliest of which is dated January 7, 2005.

## Claim 4 - Common Count – For Work, Labor And Materials (Common Law)

22.    EVERFLOW incorporates herein the allegations of the preceding paragraphs.

23.    Within the last four years, Defendant became indebted to Plaintiff in the agreed sum of $2,040,562.96 for services and materials provided by Plaintiff at the special request of Defendant.

24.    Plaintiff has repeatedly demanded payment from Defendant.  The last demand, for the then accumulated sum owing of $2,040,562.96, was made on October 17, 2007.

25.    There is now due, owing, and unpaid the sum of $2,040,562.96, with interest thereon at the legal rate of 10% per annum from the date of each invoice identified on Exhibit A, the earliest of which is dated January 7, 2005.

### Claim 5 – Fraud (MEI and J. LORO)

26.    EVERFLOW incorporates herein the allegations of the preceding paragraphs.

27.    Since January 2005, MEI promised to pay the EVERFLOW purchase price, as evidenced by purchase orders and invoices, for goods Plaintiff delivered at the request of MEI.

28.    In addition, MEI's accounting department sent EVERFLOW an email on July 10, 2007, that stated: "I will send payment on 07/20 for $123,970," and a further email on July 18, 2007, that stated: "We are scheduled to send a payment on Friday, 07/20 for $123,970." No such payment was made. Further, in response to numerous EVERFLOW emails beginning in July, 2007, when MEI owed $1,108,180, MEI and J. LORO continually made assurances of a "payment plan" that never materialized. For instance, on July 27, 2007, J. LORO, President /CEO of MEI, stated: "MEI to provide an additional payment plan with 30-60 in addition to this proposal." And again, on September 25, 2007, J. LORO wrote: "Please wait until tomorrow and I will provide payment details." In fact, MEI never provided a "plan" to retire its outstanding debts.

29.    At the time MEI and J. LORO made these promises to pay EVERFLOW and provide a plan for payment to EVERFLOW, MEI and J. LORO had no intention of performing them.

30.    MEI made these promises with the intent to induce the plaintiff to ship the ordered goods and delay an action to collect payment.

31.    The plaintiff, at the time this promise was made and at the time the plaintiff took the actions herein alleged, was ignorant of the secret intention of MEI not to perform and the plaintiff could not, in the exercise of reasonable diligence, have discovered MEI's secret intention. In reliance on MEI and J. LORO's promise, the plaintiff shipped the goods at the request of MEI and forbore bringing this claim. If the plaintiff had known of MEI's actual intention not to pay for the goods shipped and received, the plaintiff would not have shipped the goods as requested by MEI and J. LORO, and would have earlier filed this claim before MEI's assets were drained by the co-defendants.

32.     MEI failed to abide by its promise and refused to pay the amount owed according to the terms of the contracts.

33.     MEI continually promised EVERFLOW imminent payment during 2007, and a payment plan description, when it lacked any reasonable grounds for believing these misrepresentations to be true. In fact, as described below, it was using this time to empty the company of assets.

34.     Further, during June and August, 2007, at the same time MEI was informing EVERFLOW that it had no money, MEI instructed its bank to wire out to an account of "James Loro" sums totaling in excess of $580,000. Between October 29, 2007, and February 7, 2008, MEI instructed its bank to wire out to an account of PERALTA sums totaling in excess of $820,000. PERALTA is an entity neither registered with the California Secretary of State nor identified as a fictitious business name. On information and belief, these wire transfers by MEI to J. LORO and PERALTA were gratuitous.

35.     On information and belief, J. LORO and M. LORO, with the acquiescence and assistance of N. LORO, systematically sought to transfer MEI's funds and assets to other entities they owned and controlled so as to avoid paying this and other lawful debts.

36.     As a result of the MEI's fraudulent acts, Plaintiff has been damaged. There is now due, owing, and unpaid the sum of $2,040,562.96, with interest thereon at the legal rate of 10% per annum from the date of each invoice identified on Exhibit A, the earliest of which is dated January 7, 2005.

**Claim 6 – Fraud – Count Two (MEI, JAMEL, PERALTA, J. LORO, M. LORO, N. LORO)**

37.     EVERFLOW incorporates herein the allegations of the preceding paragraphs.

38.     On information and belief, J. LORO and M. LORO, with the acquiescence and assistance of N. LORO, systematically sought to transfer MEI's funds and assets to other entities they owned and controlled, as described herein, so as to avoid paying MEI's debt to EVERFLOW and other lawful debts.

39.     The aforementioned acts of defendants, and each of them, were malicious, willful, fraudulent, and oppressive. EVERFLOW is therefore entitled to punitive damages.

1

2                                      **Claim 7 – Alter Ego**

3        40.    EVERFLOW incorporates herein the allegations of the preceding paragraphs.

4        41.    J. LORO and M. LORO are the sole shareholders, officers, and directors of MEI and

5    LOROCO.

6        42.    There exists, and at all times herein mentioned there existed, a unity of interest,

7    ownership, and control between defendants J. LORO and M. LORO and defendants MEI and

8    LOROCO, such that any individuality and separateness between defendants J. LORO and M. LORO

9    and defendants MEI and LOROCO, have ceased, and defendants MEI and LOROCO are the alter

10   egos of defendants J. LORO and M. LORO.

11       43.    On information and belief, there exists, and at all times herein mentioned there

12   existed, a unity of interest, ownership, and control between defendants J. LORO, M. LORO and N.

13   LORO, and defendants JAMEL and PERALTA, such that any individuality and separateness

14   between defendants J. LORO, M. LORO and N. LORO, and defendants JAMEL and PERALTA,

15   have ceased, and defendants JAMEL and PERALTA are the alter egos of defendants J. LORO, M.

16   LORO and N. LORO.

17       44.    Adherence to the fiction of the separate existence of the defendants MEI, LOROCO,

18   JAMEL and PERALTA, as entities distinct from defendants J. LORO, M. LORO and N. LORO

19   would permit an abuse of the corporate privilege and would sanction fraud and promote injustice in

20   that:

21       45.    MEI and J. LORO and M. LORO have commingled funds and other assets of MEI

22   and LOROCO, JAMEL and PERALTA, and, on information and belief, have diverted corporate

23   funds or assets to other than corporate uses;

24       46.    J. LORO and M. LORO, as individuals, have treated the assets of MEI and LOROCO

25   as their own;

26       47.    MEI, LOROCO and JAMEL have used the same offices and business locations and,

27   on information and belief, have employed the same employees;

28

1    48.    J. LORO and M. LORO have failed to adequately capitalize MEI, and there is now a

2    total absence of corporate assets and under-capitalization of MEI; and LOROCO is dissolved;

3    49.    J. LORO, M. LORO, and N. LORO have used MEI and JAMEL dba Millennium

4    Advanced Solutions as mere shells, instrumentalities, or conduits for a single venture of J. LORO,

5    M. LORO, and N. LORO;

6    50.    By using JAMEL dba Millennium Advanced Solutions, a name confusingly similar to

7    MEI, J. LORO, M. LORO, and N. LORO have concealed and misrepresented the identity of the

8    responsible ownership, management, and financial interest of JAMEL dba Millennium Advanced

9    Solutions, and concealed from creditors MEI's assests, and their personal assets .

10    51.    J. LORO and M. LORO have diverted assets from MEI, to the detriment of the

11    creditors, and, on information and belief, manipulated assets and liabilities between entities so as to

12    concentrate the assets in JAMEL and PERALTA and the liabilities in MEI.  On information and

13    belief, N. LORO acquiesced and assisted in this diversion.

14    **Claim 8 – Unfair Competition (Bus. & Prof. Code § 17200)**

15

16    52.    EVERFLOW incorporates herein the allegations of the preceding paragraphs.

17    53.    MEI's false promises to pay, and the shifting of funds and assets out of MEI

18    constitute an unfair business practice in violation of Business and Professions Code Section 17200.

19    54.    As a proximate result of MEI's false promises to pay, EVERFLOW agreed to ship its

20    product for which it has yet to receive payment.  The looting of MEI has left MEI bereft of assets

21    upon which to attach and execute.

22    **Claim 9 – Fraudulent Transfer (Civil Code § 3439.05)**

23

24    55.    EVERFLOW incorporates herein the allegations of the preceding paragraphs.

25    56.    On the dates on which MEI wired out funds to J. LORO and PERALTA as described

26    above, MEI was insolvent as defined by Civil Code section 3439.02(a) in that the total of MEI's

27    outstanding, matured debt obligations had, for several months, far exceeded its assets.

28

57.    In making these transfers, MEI, on information and belief, had the actual intent to hinder, delay, or defraud EVERFLOW from collecting on its lawful debts.

### Claim 10 – Conspiracy (Civil Code § 3439.05)

58.    EVERFLOW incorporates herein the allegations of the preceding paragraphs.

59.    As alleged above, between June 2007 and February 2008, defendants MEI, J. LORO, and PERALTA agreed, and knowingly and willfully conspired between themselves to hinder, delay and defraud in the collection of EVERFLOW's claim against MEI.

60.    Under this conspiracy, MEI, J. LORO, and PERALTA agreed that MEI would wire out MEI's bank account funds to J. LORO and PERALTA so that those funds would not be available to creditors of MEI.

61.    MEI, J. LORO, and PERALTA did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

62.    As a proximate result of the wrongful acts herein alleged, EVERFLOW has been damaged in that MEI was emptied of assets to attach and eventually levy against.

63.    At all times mentioned herein, MEI, J. LORO, and PERALTA knew of EVERFLOW's claim against MEI and knew that EVERFLOW's claim could only be satisfied, albeit partially, out of the funds MEI transferred. Notwithstanding this knowledge, MEI, J. LORO, and PERALTA intentionally, willfully, fraudulently, and maliciously did the things herein alleged to defraud and oppress EVERFLOW. EVERFLOW is therefore entitled to exemplary or punitive damages.

**WHEREFORE**, EVERFLOW demands:

a.    For damages in the sum of $2,040,562.96;

b.    For costs of suit herein incurred;

c.    For prejudgment interest at the rate of 10% per annum;

d.    For punitive damages;

1   e.     That the wire transfers from Millennium Electronics, Inc., to James Loro and Peralta

2   Investment Group, LLC, made between June 2007 and August 2008, be set aside; and for the

3   recovery of all interests and profits derived from such transfers, as ill-gotten gains.

4   f.     That James Loro and Peralta Investment Group, LLC, and their representatives, attorneys,

5   servants, and agents, be enjoined and restrained from further disposing or dissipating any of the

6   funds wired to them from MEI between June 2007 and August 2008.

7   g.     For attorney fees pursuant to applicable California law, including, but not limited to, Civil

8   Code section 1717.5; and

9   h.     For such other and further relief as the court may deem proper.

10

11   Dated:    August 26, 2008          MARK FANG ATTORNEY AT LAW, APC

12

13                            By:_____

14                            Mark Fang, Esq., Attorney for Plaintiff Everflow Technology
                              Corporation

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 3

Mark R. Figueiredo, Esq. (State Bar No. 178850)
Matthew J. Jensen, Esq. (State Bar No. 238197)
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California 95110
(408) 441-7500
(408) 228-8787 fax
mrf@structurelaw.com
mjensen@structurelaw.com

Attorneys for Defendant
MILLENNIUM ELECTRONICS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORPORATION, incorporated under the laws of the Republic of China (Taiwan),<br><br>              Plaintiff,<br><br>    v.<br><br>MILLENIUM ELECTRONICS, INC., a California corporation,<br><br>              Defendant. | Case No. C07-05795 JF<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES** |

**PROPOUNDING PARTY:**          **Plaintiff EVERFLOW TECHNOLOGY CORPORATION**

**RESPONDING PARTY:**          **Defendant MILLENNIUM ELECTRONICS, INC.**

**SET NO.:**          **ONE**

     Pursuant to Federal Rule of Civil Procedure Rule 33(b), defendant Millennium Electronics, Inc. ("Defendant") responds to plaintiff Everflow Technology Corporation's ("Plaintiff") Interrogatories as follows:

- 1 -

DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES

Exh 3-1

1    Defendant responds as follows:

2        Pursuant to F.R.C.P. Rule 33(d), Defendant refers Propounding Party to the following

3    documents: CD # 1 produced by Defendant on 3/13/08 as part of its initial disclosures,

4    "everflow" email files and "hon hai" email files; CD # 2 produced by Defendant on 3/13/08 as

5    part of its initial disclosures, "celestica hk" email files and "pc partners" email files;

6    CD # 3 produced by Defendant on 3/13/08 as part of its initial disclosures, Accounting Emails

7    folder, "Everflow" email files.

8        See also Exhibit A of Plaintiff's complaint and Exhibit A of the Declaration of James

9    Loro in Opposition to Plaintiff's Application for Order of Writ of Attachment.

10   **Interrogatory No. 64:**

11       IDENTIFY every WITNESS who has knowledge CONCERNING YOUR allegation in

12   the DECLARATION OF JAMES LORO IN OPPOSITION TO PLAINTIFF'S

13   APPLICATION FOR ORDER OF WRIT OF ATTACHMENT that "Everflow is making

14   claims for product that was never shipped."

15   **Response to Interrogatory No. 64:**

16       Mike Callaghan, Strategic Financials

17       mike@strategicfinancials.com

18       Pursuant to F.R.C.P. Rule 33(d), Defendant refers Plaintiff to the following document:

19   CD # 3 produced by Defendant on 3/13/08 as part of its initial disclosures, "List of Witnesses"

20   folder.

21   **Interrogatory No. 65:**

22       To whom did you sell goods YOU obtained from Plaintiff since 2004?

23   **Response to Interrogatory No. 65:**

24       Defendant objects to this interrogatory on the ground that is vague and ambiguous.

25   Without waiving the foregoing objection, the Defendant responds as follows:

26       Celestica, PC Partners, Hon Hai (Foxconn), and Universal Scientific (USI).

- 34 -

3-2

# State of California
## Secretary of State

### STATEMENT OF INFORMATION
(Limited Liability Company)

**Filing Fee $20.00. If amendment, see instructions.**



IN THE OFFICE OF THE
SECRETARY OF STATE OF
THE STATE OF CALIFORNIA

FEB 20 2007

### IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM

1. **LIMITED LIABILITY COMPANY NAME** (Please do not alter if name is preprinted.)

200309210049
JAMEL ENTERPRISES LIMITED LIABILITY
COMPANY
671 EAST BROKAW ROAD
SAN JOSE CA   95112

This Space For Filing Use Only

**DUE DATE:  02/28/2007**

### FILE NUMBER AND STATE OR PLACE OF ORGANIZATION

| 2. SECRETARY OF STATE FILE NUMBER | 3. STATE OR PLACE OF ORGANIZATION |
|---|---|
| 200309210049 | CA |

### NO CHANGE STATEMENT

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the Secretary of State, check the box and proceed **to Item 13.**

If there have been any changes to the information contained in the last Statement of Information filed, or no Statement of Information has been previously filed, this form must be completed in its entirety.

**COMPLETE ADDRESSES FOR THE FOLLOWING** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE: 90 Great Oaks Blvd. Suite 107 — CITY AND STATE: San Jose CA — ZIP CODE: 95119

5. CALIFORNIA OFFICE WHERE RECORDS ARE MAINTAINED (DOMESTIC ONLY): 90 Great Oaks Blvd. Suite 107 — CITY: San Jose — STATE: CA — ZIP CODE: 95119

### NAME AND COMPLETE ADDRESS OF THE CHIEF EXECUTIVE OFFICER, IF ANY

6. NAME: James Loro — ADDRESS: 90 Great Oaks Blvd Suite 107 — CITY AND STATE: San Jose CA — ZIP CODE: 95119

### NAME AND COMPLETE ADDRESS OF ANY MANAGER OR MANAGERS, OR IF NONE HAVE BEEN APPOINTED OR ELECTED, PROVIDE THE NAME AND ADDRESS OF EACH MEMBER (Attach additional pages, if necessary.)

7. NAME: Melva Loro — ADDRESS: 90 Great Oaks Blvd Suite 107 — CITY AND STATE: San Jose CA — ZIP CODE: 95119

8. NAME: — ADDRESS: — CITY AND STATE: — ZIP CODE:

9. NAME: — ADDRESS: — CITY AND STATE: — ZIP CODE:

### AGENT FOR SERVICE OF PROCESS
(If the agent is an individual, the agent must reside in California and Item 11 must be completed with a California address. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 11 must be left blank.)

10. NAME OF AGENT FOR SERVICE OF PROCESS: James Loro

11. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL: 15440 Carey Avenue — CITY: San Martin — STATE: CA — ZIP CODE: 95046

### TYPE OF BUSINESS

12. DESCRIBE THE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY: Investment

13. THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM: Nadine Loro — SIGNATURE: Nadine Loro — TITLE: Operations Mgr — DATE: 1/11/07

LLC-12R (REV 07/2006)

APPROVED BY SECRETARY OF STATE

007509

Exh 4-1

# Document Details

> **If you need to view or purchase a copy of this filing, please see staff at counters S, T, U, V or W for assistance.**
>
> **Certificate Number:**        333468
> **Filing Date:**               04/ 09/ 1997
> **Filing Type:**               F Fictitious Business Name
> **Expiration Date:**           04/ 09/ 2002
> **Original FBN#:**             246588
> **Abandoned Date:**            NA
> **Abandoned FBN #:**           NA
> **Proof of Publication on File:** NO

**Business Name(s):**
MEI INTERNATIONAL

| **Owner Name(s):** | Withdrawn | FBN File# |
|---|---|---|
| MILLENNIUM ELECTRONICS, INC | | |

Related FBN

5-2

Exhibit 6

**MILLENNIUM ELECTRONICS, INC.**
**CONSOLIDATED FINANCIAL STATEMENTS**
**DECEMBER 31, 2005**

TABLE OF CONTENTS

|  | Page |
|---|---|
| Accountant's report | 2 |
| Consolidated balance sheet | 3 |
| Consolidated statement of income (loss) and retained earnings (deficit) | 4 |
| Consolidated statement of cash flows | 5 |
| Notes to financial statements | 6 - 10 |

Exh 6-1

*Nichols, Rick & Company*

CERTIFIED PUBLIC ACCOUNTANTS

MILLENNIUM ELECTRONICS, INC.
NOTES TO FINANCIAL STATEMENTS
DECEMBER 31, 2005

1. **Summary of Significant Accounting Policies:**

The consolidated financial statements include the accounts of Millennium Electronics, Inc. (the Company) and its wholly owned subsidiary Loroco Sales, Inc. All material inter-company transactions have been eliminated. Millennium Electronics, Inc. is a closely held corporation organized in December 1991 under the laws of the State of California for the purpose of conducting business as a distributor of computer hardware components throughout North America. Loroco Sales, Inc. was incorporated in October 1984 under the laws of the state of California for the purpose of conducting business throughout North America as a sales representative.

Depreciation expense is computed using the straight-line method over the estimated useful lives of the respective assets, with a range from three to five years. Depreciation expense charged to operations for the year ended December 31, 2005 was $53,816.

Accounts receivable are written off when they are deemed uncollectible. This method is not in accordance with generally accepted accounting principles, however, the Company's experience with collections, combined with a historical bad debt rate of less than 1% of sales, indicates that the direct write off method approximates the allowance method.

Inventory consists primarily of product available for sale and is stated at the lower of cost or market, with cost being determined using a first in, first out method.

The Company expenses all advertising costs, including direct mail and response advertising, as they are incurred. Advertising costs charged to operations for the year ended December 31, 2005 totaled $13,384.

The preparation of financial statements in conformity with generally accepted accounting principles requires management to make estimates and assumptions that affect certain reported amounts and disclosures. Accordingly, actual results could differ from those estimates.

2. **Equipment and Improvements:**

Consists of the following at cost:
| | |
|---|---:|
| Equipment and furniture | $ 401,583 |
| Vehicle | 8,786 |
| | $ 410,369 |

*b-2*

6

Exhibit 7



# State of California
## Secretary of State

### STATEMENT OF INFORMATION
(Domestic Stock Corporation)

**S**

## E-352359

# FILED
In the office of the Secretary of State
of the State of California

## Jan - 11 2007

**FEES (Filing and Disclosure): $25.00. If amendment, see instructions.**

**IMPORTANT - READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

1. **CORPORATE NAME** (Please do not alter if name is preprinted.)

C1289389

LOROCO SALES INCORPORATED

90 GREAT OAKS BOULEVARD  SUITE 107
SAN JOSE, CA 95119

This Space For Filing Use Only

**CALIFORNIA CORPORATE DISCLOSURE ACT** (Corporations Code section 1502.1)

A publicly traded corporation must file with the Secretary of State a Corporate Disclosure Statement (Form SI-PT) annually, within 150 days after the end of its fiscal year. Please see reverse for additional information regarding publicly traded corporations.

**COMPLETE ADDRESSES FOR THE FOLLOWING** (Do not abbreviate the name of the city. Items 2 and 3 cannot be P.O. Boxes.)

| | CITY AND STATE | ZIP CODE |
|---|---|---|
| 2. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | | |
| 90 GREAT OAKS BOULEVARD  SUITE 107  SAN JOSE, CA  95119 | | |

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 3. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | | | |
| 90 GREAT OAKS BOULEVARD  SUITE 107  SAN JOSE, CA 95119 | | | |

**NAMES AND COMPLETE ADDRESSES OF THE FOLLOWING OFFICERS** (The corporation must have these three officers.  A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| 4. CHIEF EXECUTIVE OFFICER/ | | | |
| MES  EUGENE LORO  90 GREAT OAKS BOULEVARD  SUITE 107  SAN JOSE, CA 95119 | | | |
| 5. SECRETARY/ | | | |
| MELVA   LORO  90 GREAT OAKS BOULEVARD  SUITE 107  SAN JOSE, CA  95119 | | | |
| 6. CHIEF FINANCIAL OFFICER/ | | | |
| JAMES  EUGENE  LORO  90 GREAT OAKS BOULEVARD  SUITE 107  SAN JOSE, CA  95119 | | | |

**NAMES AND COMPLETE ADDRESSES OF ALL DIRECTORS, INCLUDING DIRECTORS WHO ARE ALSO OFFICERS** (The corporation must have at least one director.  Attach additional pages, if necessary.)

| 7. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| JAMES EUGENE LORO | 90 GREAT OAKS BOULEVARD SUITE 107  SAN JOSE, CA 95119 | | |
| 8. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
| | | | |
| 9. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
| | | | |

10. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:

**AGENT FOR  SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and Item 12 must be completed with a California address.  If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 12 must be left blank.

11. NAME OF AGENT FOR SERVICE OF PROCESS

JAMES EUGENE LORO

| 12. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 15440 CAREY AVENUE    SAN MARTIN, CA 95046 | | | |

**TYPE OF BUSINESS**

13. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION

MANUFACTURER REPRESENTATIVE

BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| NADENE ELIZABETH LORO | | OPERATIONS MANAGER | 01/11/2007 |
|---|---|---|---|
| TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | SIGNATURE | TITLE | DATE |

SI-200 C (REV 03/2005)    APPROVED BY SECRETARY OF STATE

7-1

Exhibit 8



# State of California
## Secretary of State



**S** 06-569369

## STATEMENT OF INFORMATION
### (Domestic Stock Corporation)

**60**

**FEES (Filing and Disclosure): $25.00.  If amendment, see instructions.**

**IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

1. **CORPORATE NAME** (Please do not alter if name is preprinted.)

C1813481
MILLENNIUM ELECTRONICS, INC.
671 EAST BROKAW RD
SAN JOSE CA  95112

*Address Changed*

534.00

### FILED
in the office of the Secretary of State
of the State of California

**DEC 2 6 2006**

This Space For Filing Use Only

**DUE DATE:  12-31-06**

**CALIFORNIA CORPORATE DISCLOSURE ACT** (Corporations Code section 1502.1)

A publicly traded corporation must file with the Secretary of State a Corporate Disclosure Statement (Form SI-PT) annually, within 150 days after the end of its fiscal year.  Please see reverse for additional information regarding publicly traded corporations.

**NO CHANGE STATEMENT**

2. [✓] If there has been no change in any of the information contained in the last Statement of Information filed with the Secretary of State, check the box and proceed to Item 15.

If there have been any changes to the information contained in the last Statement of Information filed with the Secretary of State, or no statement has been previously filed, this form must be completed in its entirety.

**COMPLETE ADDRESSES FOR THE FOLLOWING** (Do not abbreviate the name of the city.  Items 3 and 4 cannot be P.O. Boxes.)

3. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE  /  CITY AND STATE  /  ZIP CODE

4. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY  /  CITY  /  STATE  CA  /  ZIP CODE

**NAMES AND COMPLETE ADDRESSES OF THE FOLLOWING OFFICERS** (The corporation must have these three officers.  A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

5. CHIEF EXECUTIVE OFFICER/  /  ADDRESS  /  CITY AND STATE  /  ZIP CODE

6. SECRETARY/  /  ADDRESS  /  CITY AND STATE  /  ZIP CODE

7. CHIEF FINANCIAL OFFICER/  /  ADDRESS  /  CITY AND STATE  /  ZIP CODE

**NAMES AND COMPLETE ADDRESSES OF ALL DIRECTORS, INCLUDING DIRECTORS WHO ARE ALSO OFFICERS** (The corporation must have at least one director.  Attach additional pages, if necessary.)

8. NAME  /  ADDRESS  /  CITY AND STATE  /  ZIP CODE

9. NAME  /  ADDRESS  /  CITY AND STATE  /  ZIP CODE

10. NAME  /  ADDRESS  /  CITY AND STATE  /  ZIP CODE

11. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY

**AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and Item 13 must be completed with a California address.  If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 13 must be left blank.)

12. NAME OF AGENT FOR SERVICE OF PROCESS

13. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL  /  CITY  /  STATE  CA  /  ZIP CODE

**TYPE OF BUSINESS**

14. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION

15. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

*Nadine Lara* / *Nadine Lara* / Operations Manager / 10/31/06

TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM  /  SIGNATURE  /  TITLE  /  DATE

SI-200 N/C (REV 07/2006)  /  APPROVED BY SECRETARY OF STATE

04SSE767S

Exh 8-1

07 691220



# State of California
## Secretary of State **61**

### STATEMENT OF INFORMATION
### (Domestic Stock Corporation)

**S**

FEES (Filing and Disclosure): $25.00. If amendment, see instructions.

**IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

1. **CORPORATE NAME** (Please do not alter if name is preprinted.)

Millennium Electronics, Inc.
Corporate Number: C1813481

**FILED**
in the office of the Secretary of State
of the State of California

**JUL 0 6 2007**

*EC*

This Space For Filing Use Only

**DUE DATE:**

**CALIFORNIA CORPORATE DISCLOSURE ACT** (Corporations Code section 1502.1)

A publicly traded corporation must file with the Secretary of State a Corporate Disclosure Statement (Form SI-PT) annually, within 150 days after the end of its fiscal year. Please see reverse for additional information regarding publicly traded corporations.

**COMPLETE ADDRESSES FOR THE FOLLOWING** (Do not abbreviate the name of the city. Items 2 and 3 cannot be P.O. Boxes.)

| 2. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY AND STATE | ZIP CODE |
|---|---|---|
| 90 Great Oaks Blvd., Suite 170 | San Jose, CA | 95119 |

| 3. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | CITY | STATE | ZIP CODE |
|---|---|---|---|
| ...0 Great Oaks Blvd., Suite 170 | San Jose | CA | 95119 |

**NAMES AND COMPLETE ADDRESSES OF THE FOLLOWING OFFICERS** (The corporation must have these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| 4. CHIEF EXECUTIVE OFFICER/ | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| James E. Loro | 90 Great Oaks Blvd., Suite 170 | San Jose, CA | 95119 |

| 5. SECRETARY/ | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| Melva Loro | 90 Great Oaks Blvd., Suite 170 | San Jose, CA | 95119 |

| 6. CHIEF FINANCIAL OFFICER/ | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| James E. Loro | 90 Great Oaks Blvd., Suite 170 | San Jose | 95119 |

**NAMES AND COMPLETE ADDRESSES OF ALL DIRECTORS, INCLUDING DIRECTORS WHO ARE ALSO OFFICERS** (The corporation must have at least one director. Attach additional pages, if necessary.)

| 7. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| James E. Loro | 90 Great Oaks Blvd., Suite 170 | San Jose, CA | 95119 |

| 8. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| Melva Loro | 90 Great Oaks Blvd., Suite 170 | San Jose, CA | 95119 |

| 9. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| | | | |

10. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY: 0

**AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and Item 12 must be completed with a California address. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 12 must be left blank.)

| 11. NAME OF AGENT FOR SERVICE OF PROCESS | | | |
|---|---|---|---|
| GKL Corporate/Search, Inc. | C1673485 | | |

| 12. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | CA | |

**TYPE OF BUSINESS**

13. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION
Electronics

BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| Jim Loro | | President | 7/3/07 |
|---|---|---|---|
| TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | SIGNATURE | TITLE | DATE |

SI-200 C (REV 07/2006)     APPROVED BY SECRETARY OF STATE

8-2

Exhibit 9



DDA Credits - 12/04/2007



DDA Credits - 12/04/2007



Transit - 12/04/2007



Transit - 12/04/2007



Transit - 12/04/2007



Transit - 12/04/2007



Transit - 12/04/2007



Transit - 12/04/2007

Exh. 9-1





DDA Credits - 02/25/2008

DDA Credits - 02/25/2008





Transit - 02/25/2008

Transit - 02/25/2008

Exh. 9-2

# Exhibit 10

MARK FANG, ESQ.
MARK FANG, APC
215 E. DAILY DR., STE. 9   CAMARILLO, CA 93010

SBN: 1991   *FOR COURT USE ONLY*

TELEPHONE NO.: (805) 383-2788      FAX NO. (Optional): (805) 388-9488
E-MAIL ADDRESS (Optional):

**USDC - NORTHERN DISTRICT - SAN JOSE**
STREET ADDRESS: 280 S. FIRST STREET, #2112
MAILING ADDRESS:
CITY AND ZIP CODE: SAN JOSE, CA 95113-3008
BRANCH NAME: NORTHERN DISTRICT - SAN JOSE

PLAINTIFF(name each): **EVERFLOW TECHNOLOGY CORPORATION**

DEFENDANT(name each): **MILLENNIUM ELECTRONICS, INC.**

CASE NUMBER:
**C 07-05795 (HRLx)**

| **PROOF OF SERVICE** | HEARING DATE: | DAY: | TIME: | DEPT.: | Ref No. or File No.: |
|---|---|---|---|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND **I SERVED COPIES** OF THE:

Amended Subpoena In A Civil Case

PARTY SERVED:     COUNTY BANK, INC.

PERSON SERVED:    STEPHANIE SANCIBRIAN - AUTHORIZED TO ACCEPT

DATE & TIME OF DELIVERY:    August 22, 2008
02:00 pm

ADDRESS, CITY, AND STATE:    550 W. MAIN STREET
MERCED, CA 95340
(BUSINESS)

MANNER OF SERVICE:
Personal Service - By Personally delivering copies.

Fee for Service: **115.00**
County: **Merced**
Registration No.: **30**
**Janney and Janney Attorney Service**
**801 S. Victoria**
**Ventura, CA 93003**
**(805) 650-9077**

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **August 27, 2008.**

Signature: _____
**Ted Dietz**

Exh 10

**PROOF OF SERVICE**

982(a)(23)[New July 1, 1987]                                                                                          Order#: VC23397/GProof3

Exhibit 11

READ INSTRUCTIONS ON REVER

**File Number:**    **497444**    No. of Pages:    1

**A**    MAILING NAME AND ADDRESS (OPTIONAL)

File Date:    7/26/2007
Expires:    7/26/2012

NAME  Structure Law Group, LLP

ADDRESS  1754 Technology Drive, Suite 135

Fee Total:    37.35

■ 497444■

CITY/STATE/ZIP  San Jose, CA  95110

Clerk ID:    015

FORM MUST BE TYPED OR LEGIBLY COMPLETED USING BLACK INK ONLY.

**REGINA ALCOMENDRAS, County Clerk–Recorder**
**SANTA CLARA COUNTY CLERK – RECORDER'S OFFICE**

**FICTITIOUS BUSINESS NAME STATEMENT** - THE FOLLOWING PERSON(S) IS (ARE) DOING BUSINESS AS:

1. Fictitious Business Name(s)    (Please number additional names; use an ADDENDUM form if additional room is required)

   Millennium Advanced Solutions

2. Street Address of Principal Place of Business in California - (P.O. Box, PMB NOT acceptable)    City    State    Zip

   305 Vineyard Town Center #391    Morgan Hill    CA    95037

3. Full Name of Registrant/Owner    Full Name of Registrant/Owner

   Jamel Enterprises Limited Liability Company

   Residence Address (P.O. Box or PMB not acceptable)    Residence Address (P.O. Box or PMB not acceptable)

   305 Vineyard Town Center #391

   City    State    Zip    City    State    Zip
   Morgan Hill    CA    95037

   (If a CORP, LLC, LLP, or LP, enter the State where registered)    (If a CORP, LLC, LLP, or LP, enter the State where registered)
   California

   Full Name of Registrant/Owner    Full Name of Registrant/Owner

   Residence Address (P.O. Box or PMB not acceptable)    Residence Address (P.O. Box or PMB not acceptable)

   City    State    Zip    City    State    Zip

   (If a CORP, LLC, LLP, or LP, enter the State where registered)    (If a CORP, LLC, LLP, or LP, enter the State where registered)

4. This business is conducted by: (PLEASE CHECK ONE BOX ONLY from ONE GROUP. THE REMAINING GROUP WILL NOT HAVE A BOX CHECKED)

   GROUP ONE:  ☐ individual  ☐ husband & wife  ☐ general partnership  ☐ copartners  ☐ joint venture  ☐ business trust
   ☐ an unincorporated association other than a partnership  ☐ OTHER (specify)
   OR
   GROUP TWO:  ☐ corporation  ☒ limited liability company  ☐ limited liability partnership  ☐ limited partnership

5. Registrant began transacting business under the fictitious business name(s) listed above    on (date):
   or:  ☒ has not yet begun.

6. This filing is a:  ☒ First Filing (Publication Required)    ☐ Refile within 40 days of expiration with no changes from the previous filing
   ☐ Refile with changes (Publication Required)    ☐ Refile after 40 days of expiration date (Publication Required)

   CURRENT / PREVIOUS FILE NUMBER _____    (REQUIRED for a refile or renewal)

   I DECLARE THAT ALL INFORMATION IN THIS STATEMENT IS TRUE AND CORRECT.
   (A registrant who declares as true information which he or she knows to be false is guilty of a crime.)

7A. GROUP ONE REGISTRANT sign below.    7B. GROUP TWO REGISTRANT (CORPORATION, LLC, LLP, or LP)
   An officer must sign and complete the below information

   Signed X _____    Entity Name  Jamel Enterprises Limited Liability Company

   Officer Signature X

   Print Full Name _____    Print Name and Title  James Loro, Manager

   ARTICLE/CERTIFICATION/REGISTRATION #
   from the Secretary of State's Office    200309210049

   THIS STATEMENT WAS FILED WITH THE COUNTY CLERK-RECORDER OF SANTA CLARA COUNTY ON THE DATE INDICATED ON THE FILING LABEL ABOVE.

   NOTICE - This Fictitious Business Name Statement expires five years
   from the date it was filed in the Office of the County Clerk-Recorder.
   A new Fictitious Business Name Statement must be filed before that time.

   The filing of this statement does not of itself authorize the use in this state of a fictitious
   business name in violation of the rights of another under federal, state or common law
   (see Section 14411 et seq., Business and Professions Code).

   I hereby certify that this copy is a correct copy of the original
   Fictitious Business Name Statement on file in my office.

   Regina Alcomendras, County Clerk-Recorder

   By _____ , Deputy
   B. HORIUCHI

Rev. 11/17/2008

#37.35

Exh 11

Exhibit 12

# MARK FANG
## ATTORNEY AT LAW
### A Professional Corporation

Los Angeles County Office:
215 North Marengo Avenue
Third Floor
Pasadena, CA 91101
Phone: (626) 304-9972
Facsimile: (626) 628-3011
E-Mail: MFang@MarkFangAPC.com

Ventura County Office:
215 E. Daily Drive
Suite 9
Camarillo, CA 93010
Phone: (805) 383-2788
Facsimile : (805) 388-9488
E-Mail: MFang@MarkFangAPC.com

Please Reply To :

Ventura County Office

*Via Facsimile & U.S. Mail*

August 27, 2008

Kevin R. Martin, Esq.
Randick O'Dea & Tooliatos, LLP
5000 Hopyard Road, Suite 400
Pleasanton, California 94588

RE:     Everflow Technology Corporation v. Millenium Electronics, Inc.
        U.S. District Court, Northern District of California, San Jose Division
        Case No.: C07 05795-JF
        Motion for Order Quashing Subpoena re County Bank, and
        Motion for Order Quashing Subpoena re Heritage Bank of Commerce

Dear Mr. Martin:

This office is in receipt of your clients' two motions to Quash records relating to Millennium Electronics, Inc. ("MEI") sought from County Bank, Inc., and from Heritage Bank of Commerce.

At the outset we acknowledge that these subpoenas were not originally served with the proper notice on your clients. This was an oversight on our part which we regret. However, in the meantime, and prior to the release of any of your clients' records, we re-served the subpoenas with the appropriate notice and with extended production dates. This has effectively cured the notice issue. It is unfortunate that you did not simply telephone us about this issue and thereby save yourself the effort of preparing the two motions.

As for your clients' objections relating to privacy and confidentiality, please know that my client is willing to enter into a confidentiality agreement so as to protect your clients' private information. If you have language for such an agreement, please forward it at your earliest convenience.

Based on the MEI records we have so far discovered, we have today forwarded to Mr. Mark Figueriedo, Esq., a proposed First Amended Complaint to add as defendants James Loro,

*Exh 12*

Kevin R. Martin, Esq.
Page 2
August 27, 2008


Melva Loro, Nadene Loro Snapp, Jamel Enterprises, LLC, Loroco Sales, Inc., and Peralta Investment Group, LLC.  I enclose a copy for your review.  In light of the expanded scope of the litigation, and in particular the alter ego and fraudulent transfer allegations, the subpoenaed bank records have become even more pertinent.  If after review of the First Amended Complaint you still feel otherwise, we invite your prompt response.  Otherwise, please confirm by Monday that you will be withdrawing the two motions.

Sincerely,

MARK FANG, ATTORNEY AT LAW

Mark Fang, Esq.

Enc.