**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

EVERFLOW TECHNOLOGY CORPORATION,

Plaintiff,

v.

MILLENNIUM ELECTRONICS, INC., a California corporation; LOROCO SALES INCORPORATED, a California corporation; JAMEL ENTERPRISES, a California limited liability corporation company dba Millennium Advanced Solutions; PERALTA INVESTMENT GROUP, LLC, form unknown; JAMES E. LORO; MELVA LORO; and NADENE LORO SNAPP;

Defendants.

_____/

No. C07-05795 JF (HRL)

**ORDER DENYING INDIVIDUAL DEFENDANTS' MOTION (1) TO QUASH SUBPOENAS AND (2) FOR A PROTECTIVE ORDER**

**[Re: Docket No. 176]**

Plaintiff Everflow Technology Corporation ("Everflow") sold and delivered computer fans to defendant Millennium Electronics, Inc. ("MEI"). After MEI allegedly failed to pay for the fans, Everflow sued for breach of contract and on common counts. It later amended its complaint to include pro se defendants James and Melva Loro, MEI's principals, and to add claims for alter ego and fraudulent transfer. (Docket No. 68.) Everflow alleges that the Loros fraudulently transferred approximately $1.3 million from MEI to themselves personally and to the accounts of other entities they operate, and that the Loros and these entities are not truly separate.

///

The Loros now move to quash four of Everflow's third-party subpoenas. They also move for a protective order affecting future third-party subpoenas. Everflow opposes the motion. Pursuant to Civil Local Rule 7-1(b), the court finds the matter suitable for determination without oral argument, and the November 3, 2009 hearing is vacated.

## LEGAL STANDARD

The federal rules provide for liberal discovery. As a result, a party may discover any matter relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is also construed more broadly than it is for trial; "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Nevertheless, the court issuing a subpoena must quash or modify it if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Furthermore, upon a showing of good cause, the court may limit the scope of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party seeking to limit its disclosures through such a protective order has the burden of showing good cause. *Blankenship v. Hearst*, 519 F.2d 418 (9th Cir. 1975).

## DISCUSSION

**A.     Contested Subpoenas**

Everflow issued subpoenas for the Loros' personal credit card records to Bank of America, Wells Fargo, and American Express. The subpoenas request all records for the accounts, "including but not limited to statements, payment receipts, and photocopies of checks." (Loro Decl. Ex. D.) Everflow also issued a subpoena to the Loros' new landlord, requesting copies of "rental payments and receipts, check photocopies, lease agreements, [and] deposit payments." (Loro Decl. Ex. E.)

As an initial matter, the court notes that the three bank subpoenas issued from courts outside the Northern District of California. (Loro Decl. Exs. D–E.) Accordingly, this court does not have jurisdiction to quash these subpoenas. *See* Fed. R. Civ. P. 45(c)(3)(A) (granting authority to quash to the issuing court). Nonetheless, because this court may issue protective orders, it will consider

///

2

the Loros' request as to these three subpoenas as a motion for a protective order.  *See* Fed. R. Civ. P. 26(c)(1) (granting authority to issue protective orders to "the court where the action is pending").

The Loros argue that these subpoenas improperly request private information that is protected under California law.  They say that records concerning their personal credit cards and lease are irrelevant because they do not relate to the operation of MEI, because Everflow cannot attach tangible personal property that might be evidenced by credit purchases, and because only their outstanding debt matters for their related exemption claim.[1]  They argue that even if the information might be relevant, Everflow has failed to meet the high burden required for disclosure.[2]

Everflow counters that the requested records might show transactions that support its alter ego and fraudulent transfer claims.  It says that because the Loros used business credit cards for personal reasons, the converse may be true as well.  It further alleges that the accounts the Loros have disclosed are empty, and as a result, it suspects that they may have other accounts or sources of income that they have not yet disclosed.  Everflow asserts that the records may also reveal attachable assets, challenge the Loros' exemption claim, or indicate that they are conducting business from their home.

California law makes it clear that banking information is not wholly privileged.  Instead, courts balance "the right of civil litigants to discover relevant facts, on the one hand, with the right of bank customers to maintain reasonable privacy regarding their financial affairs, on the other." *Valley Bank of Nev. v. Superior Court*, 542 P.2d 977, 979 (Cal. 1975); *Fortunato v. Superior Court*, 8 Cal. Rptr. 3d 82, 86 (Ct. App. 2003).  In striking this balance, "the trial courts are vested with the same discretion which they generally exercise in passing upon other claims of confidentiality." *Valley Bank*, 542 P.2d at 980.

The Loros' insistence that their personal financial information is irrelevant ignores the allegations in this case.  In essence, Everflow alleges that the Loros drained MEI's accounts and seeks the location of all such funds.  It also claims that the Loros were not truly separate from MEI

---

[1] Judge Fogel recently granted Everflow's request for a Writ of Attachment as to the Loros.  They subsequently filed a claim exempting certain funds from the writs and objected to the scope of the executed writs.  (Docket Nos. 162, 163, & 174.)  These issues are still pending before Judge Fogel.

[2] The Loros also objected to some evidence offered in support of Everflow's opposition.  (Reply 8–9.)  The court sustains the Loros' objections for the purpose of this motion.

3

1  or their other entities because they intermingled their personal and entity assets.  Personal banking

2  records are thus relevant to Everflow's claims of alter ego and fraudulent transfer.[3]  Indeed, this

3  court already said as much when it denied the Loros' motion to quash an earlier subpoena that

4  requested their personal financial records from a different bank—a request that included credit card

5  records.  (*See* Docket Nos. 31 at 2, 78.)  The Loros' lease agreement similarly may reveal account

6  information or suggest that they continue to receive income through the operation of a business.

7  Under these circumstances, the Loros' asserted privacy interest does not overcome Everflow's right

8  to discover relevant facts concerning its claims.[4]

9  **B.       Protective Order for Future Subpoenas**

10         The Loros also move for a protective order affecting future third-party subpoenas.  They

11  claim that Everflow is invading their lives "and the lives of their family members, associates, and

12  friends," and that they live in "constant fearful anticipation of who else Everflow may decide to

13  serve."  (Reply 9.)  They request that the court order Everflow to file any third-party subpoenas with

14  the court first, and that the court perform an *in camera* review before disclosing any documents to

15  the plaintiff.  The Loros' dramatic assertion notwithstanding, the court is unpersuaded that good

16  cause exists for issuing a protective order at this time.  In particular, the Loros have failed to show

17  that Everflow has abused the subpoena power such that this court must intervene in the day-to-day

18  discovery process.

19                                        **CONCLUSION**

20         Based on the foregoing, the Loros' Motion to Quash and for a Protective Order is DENIED.

21  **IT IS SO ORDERED.**

22  Dated: October 27, 2009

23                                        _____
                                          HOWARD R. LLOYD
                                          UNITED STATES MAGISTRATE JUDGE

24

25

---

26  [3] The court is less convinced that the records are relevant for attachment issues, but it need not
    decide that point today as it finds the discovery is relevant to the merits of the case.

27

28  [4] The cases to which the Loros cite, which required a higher standard for disclosure of private
    information, are distinguishable as they involved the privacy concerns of third parties, the disclosure
    of medical or sexual history, or the disclosure of private associational affiliations.

**C 07-05795 Notice will be electronically mailed to:**

James Loro          j4ldef@yahoo.com
Mark M Fang, Esq    MFang@MarkFangAPC.com, Bshort@MarkFangAPC.com
Melva Loro          j4ldef@yahoo.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28